Roy C. HARRIS, Individually and as Independent Executor of Estate of Mary E. Harris, Deceased, Appellant,

v.

Noel COWARD d/b/a Coward Funeral Home et al., Appellees.

No. 18019.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 2, 1978.

Rehearing Denied Dec. 7, 1978.

Marc Morrison, Wichita Falls, Ater & Hirsch and Kevin R. Bartley, Odessa, for appellant.

Simon, Peebles, Haskell, Gardner & Betty and Anne Gardner, Fort Worth, for appellee Noel Coward d/b/a Coward Funeral Home.

Touchstone, Bernays & Johnston and Trey Dowdy, Dallas, for appellees Henry F. Reeves and Robin Reeves.

## OPINION

MASSEY, Chief Justice.

The appeal is by plaintiffs below from a take nothing judgment rendered in behalf of defendants Coward and Reeves in plaintiffs' suit for damages for personal injuries flowing from vehicular collision. Plaintiffs/appellants will hereinafter be treated in the singular, or as merely "Harris".

We affirm the judgment.

Because of an antecedent collision on April 13, 1975, Mary E. Harris, wife of plaintiff Roy C. Harris, sustained injuries necessitating her transport by ambulance from the scene to a hospital. The ambulance providing transport (of both Mr. and Mrs. Harris) belonged to the Coward Funeral Home, the driver being Thomas Clark, an employee. Clark was not made a party to the suit.

During the course of transport of Mrs. Harris (now deceased), there was a second collision involving the ambulance and a private passenger automobile driven by Mrs. Robin Reeves, accompanied at the time by her husband Henry. Both these vehicles were being driven in a northwesterly direction on U. S. Highway No. 287 from Mansfield toward Fort Worth. The time of day was early afternoon. It was raining sufficiently to require a motorist's use of his windshield-wipers. The surface of the roadway was wet.

By the evidence the jury was entitled to believe, and obviously did believe, the collision between the ambulance and the Reeves vehicle took place in the following manner: both the automobile driven by Mrs. Reeves and the ambulance were proceeding in a northwesterly direction; Mrs. Reeves knew the ambulance was approaching from the rear, and in obedience to her duty to yield to it immediately drove to a position parallel to, and as close as possible to, the paved right hand edge of the roadway (in this case a paved shoulder), with the intention of slowing or even stopping. She applied her brakes after she was on the highway shoulder and her automobile went into a skid which resulted in movement by the front of the automobile to the left and onto the main-traveled traffic lane in which the ambulance was approaching; this occurred when the ambulance was in the act of passing the Reeves' automobile; and the right front of the ambulance struck the left side of the automobile at a point near the left front wheel. As a result Harris was injured and his wife sustained additional injuries.

At least as applied to the driver of the ambulance the issue of sudden emergency was presented by the circumstances. By the court's charge to the jury the fact was recognized for the definitions of the charge included one bearing thereupon. The only objection to the charge was by Harris' counsel, the objection being to the inclusion of any definition of emergency.

We mention, but discuss later, the issues in answer to which the jury refused to find as Harris desired. The first of these (special issue no. 1), inquired whether the jury found the ambulance driver to have been negligent in one or more of the following respects: in the speed he was operating his vehicle, in his failure to apply brakes, in regard to lookout, and/or in the direction of travel. The second of these (special issue no. 3), inquired whether Mrs. Reeves was negligent in any one or more of the following respects: in the manner of the application of her brakes, or in the control she exercised over her automobile.

The jury answered both these issues in the negative, or "we do not", thus refusing to find any negligence on the part of the ambulance driver or Mrs. Reeves.

Harris' points of error 1 through 5 are those complaining of the inclusion in the charge the definition of sudden emergency. All of these are overruled as waived; com-

plaints by the points are not supported by the objection made to the charge that there was "no evidence", and they have no relation to that objection.

■ By *Yarborough v. Berner*, 467 S.W.2d 188 (Tex.1971), when the element of sudden emergency is invoked and there is some evidence of such, (for example, some evidence that the party was confronted with a sudden and unexpected condition without time for deliberation), there is entitlement to have it submitted. Of course, as a corollary, the opposite party would have no right to have sustained his contention that it should not have been submitted. Furthermore, by the Supreme Court opinion, there should not be any separate submission of the sudden emergency issues according to the former practice because the office of the doctrine will be better served by explanatory charges or definitions. Since the opinion the Texas practice has been to handle the submission by explanatory charge or definition.

The result has been to trust jurors to understand and obey proper definitions and instructions upon sudden emergency, i. e., in the consideration of acts or omissions as negligent or not, to segregate the same as those to be considered existent before or in the absence of any emergency from those to be considered as acts or omissions in the apprehension of peril upon the condition of emergency having arisen, and to make the proper decision in finding negligence or absence of negligence according to the appropriate standard.

In the instant case the definition of emergency was that suggested by *Texas Pattern Jury Charges,* § 3.07, Vol. 1, which has been specifically approved in the case of *McDonald Trans., Inc., v. Moore,* 565 S.W.2d 43 (Tex.1978), viz:

When a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on such person's part, and which to a reasonable person requires immediate action without time for deliberation, such person's conduct in such emergency is not negligence or a failure to use ordinary care, if, after such emergency arises, such person acts as a person of ordinary prudence would have acted under the same or similar circumstances.

The objection to the court's charge read as follows:

Plaintiffs hereby object to the inclusion in the Court's Charge of the definition of "sudden emergency" for the reason that there is no evidence to support said definition, or in the alternative, that there is insufficient evidence to submit it in the Court's Charge.

■ By *Yarborough v. Berner, supra,* if there is some evidence that a condition of emergency has arisen there would be the entitlement by a proper party to have it submitted. Thus the contention by objection that there was insufficient evidence to submit the instruction could have no value. The objection is proper to be considered only upon a contention that there was "no evidence" to support the submission of the instruction.

■ Apparently Harris overlooked the fact that the Reeves, but not the Coward Funeral Home, had invoked the emergency doctrine by pleading. This is of no consequence on the appeal. Harris' objection did not in any way relate to the condition of the pleadings, but had reference only to the state of the evidence. By the evidence we are of the opinion that, without regard to a question of whether there was anything done or left undone which proximately caused the condition to be brought about, there was evidence that the driver of the ambulance of the Coward Funeral Home was confronted with a sudden emergency immediately prior to the collision. That condition of emergency was resultant upon the left-side front of the Reeves skidding automobile moving over in front of the ambulance in the lane for traffic on which it was being driven. Contrarily, by the evidence, we are of the opinion that the doctrine would not have application to Mrs. Reeves. None of the negligence charged against her by Harris would have constituted any act or omission on her part after the

condition of emergency had arisen. The nature of her act in the application of brakes could have caused or resulted in the emergency which confronted the driver of the ambulance, but it would in our opinion be improper for the jury to have considered it as action to be judged as negligent or non-negligent under emergency conditions. If we are correct the jury would, necessarily, be deemed to have considered it in a proper manner and in accord with the court's instruction, by authority of *Yarborough v. Berner, supra.*

Harris' points of error 6 and 7 contend that the answers returned by the jury to special issue no. 1 and special issue no. 3 were against the great weight and preponderance of the evidence. We have examined the entire record and find the jury's answers not to be subject to the complaint.

Harris' obvious theory is that one or the other, or both, of the defendants were bound to have either negligently acted or failed to act, that as a result thereof the collision occurred; and that therefore one or the other, or both, of the defendants were liable in damages for the injuries caused by the collision. Harris errs in this conclusion. It is well settled that there may be an unavoidable accident. Further, even where there might be negligence on the part of a defendant amounting to a proximate cause of a collision, it must be of a character which is submitted to and found by the jury in accord with a plaintiff's contention in order to support a judgment for him. If such negligence exists but is not plead, proved, or submitted to the jury, it is treated in law as waived as a ground upon which any recovery might be founded.

Judgment is affirmed.