**McDONALD TRANSIT, INC., Petitioner,**

v.

**Patricia MOORE, Respondent.**

No. B–7250.

Supreme Court of Texas.

April 26, 1978.

Cantey, Hanger, Gooch, Munn & Collins, William L. Hughes, Jr., Fort Worth, for petitioner.

Herrick & Waltrip, Bill Waltrip, Fort Worth, for respondent.

SAM D. JOHNSON, Justice.

This case presents the question of the proper submission of an instruction on sudden emergency. Patricia Moore brought suit against McDonald Transit, Inc. (Citran) for personal injuries sustained while she was a passenger on one of its buses. The trial court, based on jury answers to special issues,[1] rendered a take-nothing judgment against Mrs. Moore. The court of civil appeals reversed and remanded, holding that the submission of an accompanying instruction on sudden emergency constituted a comment on the weight of the evidence in violation of Rule 277 of the Texas Rules of Civil Procedure. 559 S.W.2d 105. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Mrs. Moore boarded one of McDonald Transit's buses and was proceeding down the aisle to take a seat while the bus began to move forward. As the bus was proceeding forward, it stopped abruptly throwing Mrs. Moore to the front of the bus where she fell in the aisle alongside the driver's seat. The driver testified he stopped abruptly in order to avoid a collision with a passenger car which had suddenly changed lanes in front of the bus. Mrs. Moore was injured as a result of her fall and sought damages against McDonald Transit.

The trial court submitted the following instruction on sudden emergency:

"When a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his part, and which to a reasonable person requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or a failure to use a high degree of care, if, after such emergency arises, he acts as a very cautious, competent, and prudent person would have acted under the same or similar circumstances."

The court of civil appeals held that such instruction constituted a comment on the weight of the evidence. The court of civil appeals reasoned that whether or not there existed a condition of sudden emergency was a question of fact in the instant case, but the wording of the instruction prefaced by the word "when" conveyed to the jury that it was the opinion of the court that

---

1. Special Issue No. 1A asked if the bus driver was negligent in starting the bus before Mrs. Moore was seated. Special Issue No. 2A asked if the driver was negligent in failing to warn Mrs. Moore of the impending stop. The jury answered both issues negatively. In Special Issue No. 3 the jury found that Mrs. Moore had incurred damages in the amount of $22,500 for past and future pain and mental anguish.

such an emergency condition existed. Accordingly, the court of civil appeals held that the form of the instruction on sudden emergency emphasized the Transit Company's contentions in the trial court and constituted a comment on the weight of the evidence.

McDonald Transit argues that the court of civil appeals erred in holding that the instruction on sudden emergency constituted reversible error as a comment on the weight of the evidence. The Transit Company asserts that the instruction is a full and correct statement of the law of sudden emergency and that the trial court was correct in submitting such instruction to the jury. The Transit Company points out that the instruction is taken from Section 3.07 of the *Texas Pattern Jury Charges*, State Bar of Texas, Volume 1, except for the incorporation into the instruction of the higher standard of care applicable to a common carrier.

 We do not agree with the court of civil appeals' holding that the wording of the instruction on sudden emergency assumes the crucial question of the sudden emergency and is, therefore, a comment on the weight of the evidence. We hold that such instruction was in correct form as submitted to the jury. The theory of sudden emergency was properly submitted as an instruction, rather than an issue. Under Rule 277 inferential rebuttal issues are not to be submitted, but such theories may be submitted as explanatory instructions or definitions. In *Yarborough v. Berner*, 467 S.W.2d 188 (Tex.1971), this court held that sudden emergency should be submitted to the jury as an explanatory instruction or definition, rather than in a special issue. Accordingly, a party is entitled to an instruction on sudden emergency if such instruction in proper form is submitted to the court in accordance with Rule 273. Under Rule 277 it is mandatory that an instruction not be worded so as to indicate the opinion of the trial judge as to the verity or accuracy of the facts in inquiry. *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.).

The employment of the word "when" in the instruction does not indicate a statement by the judge as to the existence of a sudden emergency. In common parlance and ordinary usage the word "when" is frequently employed as an equivalent to the word "if." Further, *Black's Law Dictionary* defines the word "when" as meaning "[i]n the event that, on condition that, in virtue of the circumstances that." Black's Law Dictionary 1767 (4th ed. 1968). Similarly, *Webster's New International Dictionary* defines the word "when" as a term that establishes a *conditional* relationship between various statements. Webster's New International Dictionary 2910 (2d ed. 1952). Consequently, the word "when" in the court's instruction does not denote a fact with certainty such as to convey the court's opinion on sudden emergency. Rather, the word "when" is correctly used to show that sudden emergency is a condition which may be found possibly to exist. This court specifically approves the definition of sudden emergency used in the *Texas Pattern Jury Charges* and the adaptation of such instruction as utilized by the trial court in the instant case.

Accordingly, the judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.