**Elisa DeLEON, Appellant,**

v.

**Reginald Craig PICKENS and Magic Valley Concrete, Inc., Appellees.**

No. 13–94–547–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 10, 1996.

Rehearing Overruled Nov. 14, 1996.

Steven Q. McManus, Chuck Cole, Emmett Cole, Jr., Cole, McManus, Cole, Easley & Bell, Mike L. Crane, McManus & Crane, Victoria, for appellant.

Terrance J. Martin, Martin & Strolle, P.C., David P. Strolle, Jr., Ricky J. Poole, Speiser, Krause, Madole & Mendelson, Jackson, San Antonio, for appellees.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant Elisa DeLeon sued appellees, Reginald Craig Pickens and his employer Magic Valley Concrete, Inc., for personal injuries received in a collision with a truck driven by Pickens in the course of his employment. DeLeon alleged that Pickens's negligence in driving too closely behind her was the cause of the accident. Appellees maintained, however, that Pickens had not been driving behind her, that the accident was unavoidable, and was caused by the reckless driving of another, unidentified vehicle. The jury rendered a verdict in favor of Pickens, and the trial court entered judgment on the verdict. We affirm.

### THE FACTS

The evidence was undisputed that both parties were driving their vehicles in the same direction on the same four-lane street in Laredo, Texas, at the time of the accident. The parties differed in their explanation, however, as to which lane appellee was in prior to the time of the accident. DeLeon maintained that Pickens was in the same lane, and was negligently following her vehicle too closely. Appellees, on the other hand, presented evidence that DeLeon was driving in the inside lane and that Pickens was driving in the outside lane, and to the rear of DeLeon. Nevertheless, the parties agreed that the driver of a white pick-up truck suddenly darted out from a private drive-way across all four lanes of traffic. In order to avoid hitting the white pick-up, DeLeon slammed on her brakes. Pickens testified that this sudden stop caused her car to veer out to the right, into the outside lane in which he was driving. He applied his brakes but did not have enough time to avoid a collision with DeLeon's vehicle.

DeLeon's first amended petition alleged that it was Pickens's negligence, in following too closely behind her in his cement truck, which proximately caused the accident and the resulting injuries to DeLeon. In their first amended original answer, the defendants alleged that it was the negligence of the driver of the unidentified vehicle which was the sole proximate cause of the accident. They maintained that Pickens was confronted with a sudden emergency, and that his conduct in that emergency was not negligent.

In response to the appellees' request, the trial court included in its charge to the jury instructions on "Sole Proximate Cause," "Emergency," and "Unavoidable Accident." In a 10–2 verdict, the jury found that Pickens did not proximately cause the accident. The court denied DeLeon's motion for a new trial.

By three points of error, DeLeon requests this Court to remand the case for a new trial. Appellant's first and second points relate to the jury charge. The first point of error asserts that the court's instructions on the inferential rebuttal defenses of unavoidable accident, sole proximate cause, and sudden emergency were each unsupported by the evidence and that each constituted a comment on the weight of the evidence. Appellant's second point of error essentially restates the first and additionally argues that taken as a whole, the three inferential rebuttal defenses are inconsistent and misleading.

Appellant's third point of error complains that the jury's answer to question one, finding Pickens not negligent, was against the great weight and preponderance of the evidence, and therefore should be set aside. We address this point first.

## PROPRIETY OF THE JURY VERDICT

In her third point of error, appellant contends that the jury's answer to question number one was against the great weight and preponderance of the evidence. In its charge, the court submitted the following question:

### QUESTION ONE

Did the negligence, if any, of REGINALD CRAIG PICKENS, while in the course and scope of his employment for MAGIC VALLEY CONCRETE, INC., proximately cause the occurrence in question?

Answer "Yes" or "No."

The jury answered "No."[1] In her motion for new trial, DeLeon asked the trial court to grant a new trial on the grounds that the jury verdict was against the great weight of the evidence presented. The same point is argued on appeal.

■ When a party with the burden of proof complains that a jury's finding is against the great weight and preponderance of the evidence, we examine the entire record and consider all the evidence to see if there is sufficient evidence to support the jury's verdict. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986); *Brown v. Hopkins*, 921 S.W.2d 306, 315 (Tex.App.—Corpus Christi 1996, n.w.h.). We will reverse the judgment only if the verdict is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust, or it shocks the conscience. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *American Gen. Fire & Casualty Co. v. McInnis Book Store*, 860 S.W.2d 484, 489 (Tex.App.—Corpus Christi 1993, no writ). This Court is not a fact-finder, however, and consequently we do not pass judgment upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even when there exists conflicting testimony which could support a different conclusion. *Cain*, 709 S.W.2d at 176; *Stanley Stores, Inc. v. Chavana*, 909 S.W.2d 554,

559 (Tex.App.—Corpus Christi 1995, no writ).

■ The law states that a motorist trailing another automobile must drive at a reasonable speed, keep back a reasonable distance, and keep his vehicle under reasonable control so as to provide for the contingency of a car in front suddenly stopping. *See* TEX.REV.CIV. STAT. ANN. art. 6701d, § 61 (Vernon 1977); *Sherwin–Williams Paint Co. v. Card*, 449 S.W.2d 317, 320 (Tex.Civ.App.—San Antonio 1970, no writ). *See also Fitzsimmons v. Brake Check*, 832 S.W.2d 446, 449 (Tex. App.—Houston [14th Dist.] 1992, no writ). The mere occurrence of a rear-end collision will not present evidence of negligence as a matter of law, however. *Weaver v. U.S. Testing Co., Inc.*, 886 S.W.2d 488, 490 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Smith v. Central Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1989, writ denied). The question of whether an automobile being struck from the rear raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of the particular case. *Sherwin–Williams*, 449 S.W.2d at 321 (citing *Pacific Fin. Corp. v. Rucker*, 392 S.W.2d 554, 558 (Tex.Civ.App.—Houston 1965, no writ)).

■ The evidence presented at trial essentially consisted of two different views as to the circumstances immediately preceding the accident. DeLeon's theory, supported by two police officers, and her expert, suggested that Pickens was driving directly behind DeLeon, too close for him to stop his heavy vehicle in time to avoid a collision. Appellees' version, which was supported by Pickens's testimony, and that of their expert, was that he was not even in the same lane as DeLeon prior to the accident, and that the negligent actions of the unidentified pick-up caused DeLeon to swerve into his lane.

Clearly, the key issue which the jury was required to resolve was whether or not Pickens's manner of driving was a proximate cause of the accident. One part of this inqui-

---

1. The jury also answered "No" to a second question, inquiring as to whether DeLeon's negligence proximately caused the accident.

ry involved determining exactly where the two parties were in relation to each other when the third vehicle darted across the street. The other part required determining what effect, if any, the unidentified truck, which had failed to yield the right of way for both parties, had in causing the wreck.

In her case-in-chief, DeLeon presented the testimony of two police officers, Officers Donna and Raines, who each believed that Pickens had been driving too closely behind her, and that his failure to consider the great weight of his vehicle when braking was a cause of the accident. Raines, testifying as an accident reconstruction expert, described how Pickens was negligent in his driving, based on his study of the accident reports, depositions and interrogatories, and his observation of the vehicle. Neither officer actually saw the accident occur, however. Moreover, both acknowledged that the action of the unidentified pick-up truck, which prompted DeLeon to slam on her brakes, was also a cause of the wreck. DeLeon herself admitted at trial that she did not see the truck driven by Pickens until after the accident.

Pickens directly contradicted DeLeon's interpretation of the accident. He testified that he was driving the speed limit, that he was in a different lane than DeLeon, and that she suddenly swerved into his lane to avoid the pick-up truck. His version of the accident was supported by the testimony of his expert, Dr. Malcolm Skolnick, who performed his own investigation of the accident and compiled statistical data in forming his opinion. Skolnick attributed the "asymmetrical" damages to the rear of DeLeon's vehicle to an impact which occurred while her vehicle was "inclined" at a different angle than the lane. If in fact Pickens was in an adjacent lane to DeLeon, the bulk of her theory of liability could be discounted.

Considering the testimony as a whole, we hold that the jury's verdict is not so against the great weight and preponderance of the testimony as to be manifestly unjust. In the face of two different interpretations of the accident, we will not construe the jury's conclusion to be manifestly unjust. Given the amount of variables discussed by the experts, we find that the evidence was not conclusive as to the positions of the vehicles. The evidence presented by appellees was sufficient for the jury to rationally find that Pickens's version was accurate. We decline to set aside the jury's verdict in an instance such as this, where it was asked to resolve a bona-fide dispute as to the circumstances involving this type of accident. Appellant's third point is overruled.

We next address appellant's two points of error relating to the propriety of the instructions submitted to the jury.

## STANDARD OF REVIEW

A trial court has considerable discretion in submitting instructions to the jury. *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp., Inc.,* 789 S.W.2d 688, 692 (Tex.App.—Corpus Christi 1990, writ denied). An instruction is proper if it is supported by the evidence heard during a trial, and is of some aid to the jury in answering the issues submitted. Tex.R.Civ.P. 277; *Gonzalez v. Texas Dep't of Human Resources,* 581 S.W.2d 522, 526 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980). If a doctrine is pleaded, and there is some evidence to support its application, then the court has a duty to properly instruct the jury to enable the jury to render a verdict. *National Union Fire Ins. Co. of Pittsburgh v. Kwiatkowski,* 915 S.W.2d 662, 665 (Tex.App.—Houston [14th Dist.] 1996, n.w.h.); *Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227, 229 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e).

A reviewing court may find that a trial court abused its discretion if it acted without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). To find reversible error, the reviewing court must examine the pleadings, the evidence presented, and the jury charge in its entirety. *Bernstein v. Portland Sav. & Loan,* 850 S.W.2d 694, 701 (Tex.App.—Corpus Christi 1993, writ denied). Any error

will not be deemed reversible unless it "was reasonably calculated to cause and probably did cause rendition of an improper judgment." TEX.R.APP.P. 81(b)(1). In other words, the erroneous instruction must have caused the case to be decided differently than it would have been without it. *Reinhart & Treme v. Young,* 906 S.W.2d 471, 473 (Tex.1995) (plurality opinion).

### SOLE PROXIMATE CAUSE

■ DeLeon asserts that the trial court's instruction on sole proximate cause was erroneous because it was not supported by the evidence, because it was a comment on the weight of the evidence, and because it deviated from the instruction prescribed in the Texas Pattern Jury Charges. *See* 2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 3.02 (1987).

The appellees' theory that a third party was the sole proximate cause was specifically raised in their first amended original answer. It was also supported by the evidence presented in this case. Both parties agreed that the pick-up truck driver's reckless action is what caused DeLeon to slam on her brakes. Both police officers admitted that the pick-up was a cause of the accident, although each believed Pickens had been following DeLeon too closely. Pickens's expert testified that, based on his investigation of the damages to the vehicles, he believed DeLeon had abruptly changed into Pickens's lane, and that the pick-up had been the cause. Thus, the evidence was clearly sufficient to support appellees' theory that the pick-up was a proximate cause of the accident.

However, there may be more than one proximate cause of an event. As discussed above, there was no dispute that Pickens rear-ended DeLeon. The sole proximate cause instruction would be improper only if the uncontroverted evidence proved that Pickens's driving was negligent, and that as a result of his negligence, he collided with De-Leon.

As we construe it, article 6701d, section 61 applies only to a driver following another vehicle in the same lane. TEX.REV.CIV. STAT. ANN. art. 6701d, § 61. As discussed above, the appellees presented evidence that Pick-

ens's lane was clear of traffic until DeLeon swerved into it. Appellant has cited no rule, and we have not found one, which requires a driver to anticipate that a vehicle will suddenly change lanes. In fact, section 60 of the same article places the responsibility for ensuring a safe lane change on the one who is changing lanes. *Id.* § 60(a).

Viewing the evidence in the light most favorable to the verdict, we conclude that the rear-end collision in this case did not establish negligence per se on the part of Pickens, and that appellees presented sufficient evidence that Pickens's manner of driving was not negligent to support the inclusion of a sole proximate cause instruction in the charge.

■ Appellant next asserts error in that the court's instruction on sole proximate cause deviated from the proper instruction prescribed in the Texas Pattern Jury Charges. The court's instruction reads:

"PROXIMATE CAUSE" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. *There may be more than one proximate cause of an event.*

"SOLE PROXIMATE CAUSE" means there may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause. (Emphasis added).

Had the judge followed the Texas Pattern Jury Charge, then the italicized portion of the charge printed above would have been omitted. *See* 2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 3.02 (1987). The comment to the pattern jury charge suggests that the "sole proximate cause" instruction be used in lieu of the last sentence in the definition of "proximate cause."

■ Appellant has not presented us with any case which indicates that the pattern jury charge has been specifically adopted by either the Texas Supreme Court or this Court. While we recognize that the pattern jury charge is a useful tool to aid practitioners and judges, we do not presume that any variation from that suggested by its authors necessarily constitutes error. The applicable standard of review is whether the submitted instruction was a misstatement of the law as applied to the facts. *Wakefield v. Bevly,* 704 S.W.2d 339, 350 (Tex.App.—Corpus Christi 1985, no writ). The court's charge did not misstate the law and, given the facts presented to the court, the instruction was appropriate.

Appellant contends that the additional language nudged the jury towards deciding in appellees' favor. We disagree. Appellant correctly states that courts have held that unnecessary addenda to the jury charge may constitute reversible error. But in those cases, trial courts have inserted different propositions of substantive law that distracted the jury from the issues which it was supposed to answer. *See, e.g., First Int'l Bank in San Antonio v. Roper,* 686 S.W.2d 602, 605 (Tex.1985) (court's "sole cause" instruction in products liability suit); *Acord v. General Motors Co.,* 669 S.W.2d 111, 116 (Tex.1984) (court improperly added instruction in a design defects case); *Lemos v. Montez,* 680 S.W.2d 798 (Tex.1984) (court erroneously added misleading instructions). *See also Reid v. Best Waste Sys.,* 800 S.W.2d 644, 647 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Ahlschlager v. Remington Arms Co.,* 750 S.W.2d 832, 835 (Tex.App.—Houston [14th Dist.] 1988, writ denied). That is not the case in this instance.

In this case, the special issue presented to the jury for its determination was whether either party to the suit was the proximate cause of the accident. The court's instruction focused the jury's attention on this important issue, and was likely of assistance to them. We do not find that the trial court's deviation from the pattern charge on sole proximate cause was either unnecessary addenda, or a comment on the weight of the evidence. In fact, it could conceivably have benefited DeLeon, as the jury could have found that both the actions of the pick-up truck, as well as Pickens's driving were proximate causes of the accident.

UNAVOIDABLE ACCIDENT

■ An unavoidable accident is an event not proximately caused by the negligence of any party to it. TEXAS PATTERN JURY CHARGES PJC 3.04; *See, Dallas Ry. & Terminal Co. v. Bailey,* 151 Tex. 359, 250 S.W.2d 379 (1952). The purpose of such an instruction is to ensure that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of. *Reinhart,* 906 S.W.2d at 472; *Yarborough v. Berner,* 467 S.W.2d 188, 192 (Tex. 1971).

To say the least, the use of this instruction is not viewed favorably by the Texas Supreme Court. In *Hill v. Winn Dixie,* the court explained the "propriety" of this instruction as follows:

> An unavoidable accident instruction is proper *only* when there is evidence that the event was proximately caused by a nonhuman condition and not by the negligence of any party to the event....The instruction is ordinarily given in cases involving environmental conditions such as fog, snow, sleet, wet or slick pavement, or obstruction of view....The instruction may also be proper when there is evidence indicating that a very young child, legally incapable of negligence, was the only human cause of the accident. When there is no evidence that the accident was caused by some such peculiar circumstance, submission of the instruction is generally improper. (Emphasis added).

*Hill v. Winn Dixie Tex., Inc.,* 849 S.W.2d 802, 803 (Tex.1993); *Yarborough v. Berner,* 467 S.W.2d 188, 191 (Tex.1971). *See also Hukill v. H.E.B. Food Stores Inc.,* 756 S.W.2d 840, 843 (Tex.App.—Corpus Christi 1988, no writ).

Recently in *Reinhart,* a plurality opinion, the court reiterated its reservations about the instruction, although it determined that it may still be utilized in appropriate non-routine negligence cases. *Reinhart,* 906 S.W.2d

at 472–74. Four justices advocated the abolition of the instruction entirely. *Reinhart,* 906 S.W.2d at 477 (Enoch, J., concurring); 906 S.W.2d at 477–80 (Hightower, J., dissenting). Justice Philips opined that, even in cases where the accident was caused by a non-human, extraneous condition, courts should refrain from instructing on unavoidable accident because it might cause jurors to perceive that it is an issue separate from negligence. *Reinhart,* 906 S.W.2d at 472; *Hill,* 849 S.W.2d at 803.

 Given the supreme court's determination that such an instruction is appropriate only in exceptionable cases, presumably those caused by nonhuman conditions or small children, we must view the facts of this case with the same critical eye. Appellees stipulate in their brief that the accident was caused by the driver of a small, white pick-up truck who was not a party at trial. This contention does not involve a non-human condition or a child actor. Nor does it present an extraordinary circumstance which might warrant the exceptional instruction. Therefore we hold that the instruction on unavoidable accident was improper and erroneous.

 However we hold that this error did not cause the case to be decided differently than it would have been without it, and therefore it is not reversible error. *See Reinhart,* 906 S.W.2d at 473 (where ample evidence was presented to find defendant was not negligent, improper instruction was harmless). An instruction on unavoidable accident resulting from a human act has the same effect as an instruction on sole proximate cause. Each instruction informs the jury that the proximate cause of the accident was something other than the defendant's negligence.

As discussed above, there was ample evidence for the jury to have based its verdict upon a conclusion that the pick-up truck was the sole proximate cause of the accident, and that Pickens's driving was not negligent. Although appellant urges us to deem all inferential rebuttal issues as suspect, we decline to do so, given their longstanding application in Texas jurisprudence. Thus, we find that

the error in instructing on unavoidable accident was not harmful.

## SUDDEN EMERGENCY

 The trial court submitted the following instruction on "Emergency":

> When a person is confronted by an "emergency" arising suddenly and unexpectedly, which was not proximately caused by any negligence on his or her part and which, to a reasonable person, requires immediate action without time for deliberation, their conduct in such an emergency is not negligence or failure to use ordinary care if, after such emergency arises, he or she acts as a person of ordinary prudence would have acted under the same or similar circumstances.

This instruction is substantially similar to the instruction for emergency provided in the pattern charge, which was specifically approved of and adopted by the Texas Supreme Court. TEXAS PATTERN JURY CHARGES PJC 3.03 (1987); *Thomas v. Oldham,* 895 S.W.2d 352, 360 (Tex.1995) (citing *McDonald Transit, Inc. v. Moore,* 565 S.W.2d 43, 44 (Tex. 1978)). Such instruction is required if submitted in accordance with Texas Rule of Civil Procedure 273, and is not considered a comment on the weight of the evidence. *See* TEX.R.CIV.P. 277; *McDonald Transit,* 565 S.W.2d at 45. The only purpose of the sudden emergency defense doctrine is to relieve a party from the consequences of his conduct which might otherwise be considered negligent. *Higginbotham v. Ritchie,* 367 S.W.2d 210, 211 (Tex.Civ.App.—Fort Worth 1963, no writ).

Appellant cites three cases where a sudden emergency instruction was deemed improper in rear-end collisions: *Higginbotham, Priest v. Myers,* 598 S.W.2d 359 (Tex.Civ.App.— Houston [14th Dist.] 1980, no writ), and *Deviney v. McLendon,* 496 S.W.2d 161 (Tex.Civ. App.—Beaumont 1973, writ ref'd n.r.e.). De-Leon claims that a driver should expect that a preceding vehicle might come to a sudden stop, citing *Priest,* 598 S.W.2d at 363. In *Priest,* the defendant failed to maintain a safe distance from the preceding vehicle in

the same lane, and that, as a matter of law, rendered the collision foreseeable. *Id.*[2]

We agree that the sudden emergency doctrine is not applicable in cases like *Higginbotham, Deviney* and *Priest,* where the respective defendants are deemed negligent for either failing to maintain a proper distance from the preceding vehicle, or failing to keep a proper look-out. *See* Tex.Rev. Civ.Stat. Ann. art. 6701d, § 61. In such instances, the alleged "emergency" is created by the defendant's conduct, which occurred before the emergency arises rather than after. *See Oldham v. Thomas,* 864 S.W.2d 121, 126 (Tex.App.—Houston [14th Dist.] 1993), *aff'd in part, rev'd in part on other grounds,* 895 S.W.2d 352 (Tex.1995).

■ The inclusion of an instruction on emergency does not constitute error, however, when the evidence conflicts as to whether the defendant's actions prior to the "emergency" arose were suspect. *See id.* at 127 (stating that trial court should have instructed the jury on sudden emergency in case where plaintiff made U-turn into defendant's lane only two or three car lengths ahead of defendant). In the three cases cited by appellant, there was no dispute as to the positions of the vehicles. It is in this respect that the cases cited by DeLeon are distinguishable from the instant case.

In all three, the rear-end accidents were caused because the defendant was either following the plaintiff's vehicle in the same lane when the preceding vehicle came to a stop, or because the defendant swerved into the plaintiff's vehicle to avoid a third party. In the instant case, however, the appellees' theory was that Pickens was not even following DeLeon, and that it was DeLeon who swerved into his lane. Appellees presented evidence that Pickens was driving in the outside lane while DeLeon was driving in the inside lane. According to their evidence, it was DeLeon who braked to avoid colliding with the white pick-up, and veered into the outside lane right in front of Pickens. There was at least a fact issue that Pickens was not negligent in failing to maintain a safe distance, since DeLeon was initially travelling in a different lane. The trial court's instruction

on sudden emergency was supported by the evidence, and does not constitute an impermissible comment on the evidence.

■ Finally, appellant contends the three inferential rebuttal instructions are inconsistent, and thus the trial court erred in submitting all three. Appellant cites no authorities for her contentions that this is error, and thus has waived her right to complain about this issue on appeal. Tex.R.App. P. 74(f); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983). Appellant's first and second points are overruled.

We AFFIRM the judgment of the trial court below.

---

**2.** The *Priest* court also relied on the fact that the parties were driving in Houston rush-hour traffic

when the accident occurred to determine foreseeability. *Id.*