NUMBER 13-02-420-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

DONNA WESTERMAN, 
                                                                                                     Appellant,

v.

CHARLES RICHARDSON, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from County Court at Law No. 2 of Victoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justice Yañez, Rodriguez and Garza
Opinion by Justice Garza
          This suit arises from a contested declaration of heirship for the estate of John
Richardson. Appellant, Donna Westerman, is appealing the trial court’s finding that she
and Richardson were not married at common law at the time of his death and therefore she
was not his surviving spouse and heir. Appellant contends that (1) the trial court erred in
failing to properly charge the jury; and (2) the jury finding was so against the great weight
and degree of credible evidence as to be manifestly unjust. We overrule both of
appellant’s issues and affirm the judgment of the trial court.
Background
          In 1996, Donna Westerman and the deceased, John Richardson, began an
exclusive intimate relationship. From mid-1996 to Richardson’s death in June 2001, the
two saw each other regularly, attended family and social events together, and often spent
weekends together at Westerman’s home. They each continued to own their own home
and lived separately during the week. They often spoke or saw each other during the week
and regularly visited Westerman’s mother as a couple. Richardson made various
household repairs and did gardening work around Westerman’s home. She considered
him her closest friend and handled all his needs when he became ill. 
          After being diagnosed with an aggressive form of cancer, Richardson committed
suicide in his home in June 2001. Westerman handled the funeral arrangements,
purchasing his cemetery lot and headstone. 
          Following Richardson’s death, Westerman filed a petition for declaratory judgment
and for a declaration of heirship. Her petition asked the court to recognize her as
Richardson’s wife by common law and to declare her to be his heir, in lieu of his brothers,
Charles and Kenneth Richardson. A jury found there was no common-law marriage
between Westerman and Richardson, and the judge accordingly declared that Richardson
died intestate as a single man, with his brothers as the sole heirs of his estate. Westerman
then made her timely appeal to this Court.
Jury Charge
          By her first issue, Westerman complains that the trial court erred by failing to
properly charge the jury when the judge failed to use her requested charge. 
          A trial court has considerable discretion when fashioning a jury charge. DeLeon v.
Pickens, 933 S.W.2d 286, 290 (Tex. App. – Corpus Christi 1996, writ denied). Thus, the
standard of review for jury charges is abuse of discretion. R & R Contractors v. Torres, 88
S.W.3d 685, 696 (Tex. App. – Corpus Christi 2002, no pet.) (citing In re V.L.K., 24 S.W.3d
338, 341 (Tex. 2000)). An abuse of discretion occurs when the trial judge acts “without
reference to any guiding principles.” DeLeon, 933 S.W.2d at 290 (citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985)). 
          In considering a challenged jury question, Texas Rule of Civil Procedure 278
specifically states that “(a) judgment shall not be reversed because of the failure to submit
other and various phases of different shades of the same jury question.” Tex. R. Civ. P.
278. Further, Texas Rule of Appellate Procedure 44.1(a) requires that no judgment be
reversed on appeal due to an error of the trial court unless that error probably led to the
rendition of an improper judgment. Tex. R. App. P. 44.1(a). Thus, if this Court decides that
the jury instruction failed to adhere to guiding legal principles and was therefore erroneous,
the faulty instruction must also have caused the case to be decided differently than it would
have been without the instruction. DeLeon, 933 S.W.2d at 290-291 (citing Reinhart &
Treme v. Young, 906 S.W.2d 471, 473 (Tex. 1995) (plurality opinion)). Westerman offered jury instructions which contained the definition of an informal
marriage drawn from the Texas Family Code, as well as additional information about
establishing facts through direct and circumstantial evidence, and a further clarification of
the phrase “representing to others.”


 The trial court denied the requested instructions and
instead based the instruction given to the jury entirely on a Texas Pattern Jury Charge for
informal marriages, which simply restated the statutory definition from the Texas Family
Code: “A man and a woman are married if they agreed to be married and after the
agreement they lived together in Texas as husband and wife and there represented to
others that they were married.” Tex. Fam. Code Ann. § 2.401 (Vernon 1998); Texas
Pattern Jury Charges PJC 201.4A (2002 ed.). The judge included Westerman’s
requested definition of circumstantial evidence within the set of general jury instructions
and incorporated her request to include a date by posing the question to the jury as: “Were
Donna Westerman and John Richardson married on or about June 12, 1996?” The only
instruction Westerman requested that was not included was the more detailed definition
of “representing to others” and the additional note that such representation can consist of
conduct or spoken words.
          The trial court clearly based the jury charge on reasonable guidance, using a pattern
jury charge that incorporated the statutory definition of informal marriage. See, e.g.,
Ganesan v. Vallabhaneni, 96 S.W.3d 345, 351 (Tex. App. – Austin 2002, pet. denied)
(allowing a jury charge based on the Texas Family Code and Pattern Jury Charge for
informal marriage to stand). The inclusion of the additional details that Westerman
requested would not have made the question considered by the jury substantially different;
rather, the requested charge was merely a “different shade of the same question.” Tex. R.
Civ. P. 278. Thus, there was no abuse of discretion by the trial judge. Accordingly, as
there was no error, we do not have to consider whether the instruction may have caused
the rendition of an improper judgment requiring reversal. Tex. R. App. P. 44.1(a). 
Westerman’s first issue is overruled.
Factual Sufficiency of Jury Finding
          In her second issue on appeal, Westerman argues that the jury finding was so
against the great weight and degree of credible evidence as to be manifestly unjust. 
          To prevail in a factual sufficiency challenge of a jury finding, the appellant must
demonstrate that the findings are against the great weight and preponderance of the
evidence. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). This Court will consider,
weigh and examine all of the evidence supporting and contrary to the finding, and we will
overturn the finding only when it is clearly wrong and manifestly unjust. Id.; Hlavinka v.
Hancock, 116 S.W.3d 412, 416 - 417 (Tex. App. – Corpus Christi 2003, no pet. h.). 
          The determination of whether a common-law marriage exists is a question of fact. 
Russell v. Russell, 865 S.W.2d 929, 933 (Tex. 1993); January v. State, 678 S.W.2d 243,
246 (Tex. App. – Corpus Christi 1984, no writ). In Texas, a common law or informal
marriage may be found by proving that a couple: (1) has agreed to be married; (2)
thereafter lived together in this state as husband and wife; and (3) there represented to
others that they were a married couple. Tex. Fam. Code Ann. § 2.401 (Vernon 1998).
These elements may be proved by circumstantial evidence, which can include the acts,
statements, or conduct of the parties. Russell, 865 S.W.2d at 933. 
          The following evidence was presented at trial. It was undisputed that Westerman
and Richardson had an exclusive and intimate relationship for five years. They saw each
other or spoke on a daily basis, had regular sexual relations, and went to family,
professional, and social events together. They were considered by all who knew them to
be a couple. Upon Richardson’s death, Westerman handled all the funeral arrangements
and expenses, including the purchase of two cemetery lots, one for each of them. 
          However, according to the testimony at trial, Westerman and Richardson were not
considered to be a married couple by anyone who was aware of their relationship,
including neighbors, co-workers, and Westerman’s own family members. They maintained
separate residences, separate bank accounts, and during each year of their relationship,
filed separate tax returns labeling themselves, under penalty of perjury, as single. 
Westerman’s testimony at trial revealed that she knew the IRS considered common-law
marriages valid. In various job-related or medical forms, Richardson listed himself as
“single” and referred to Westerman as a “friend” or “other.” Westerman authored a history
of her family for a local genealogical society, but she failed to mention her putative
marriage to Richardson. Richardson’s obituary described Westerman as Richardson’s
“companion,” not “wife.”
          After considering all of the evidence in support of and contrary to the finding, we
conclude that the jury was reasonable in finding that Westerman and Richardson did not
“live together in this state as husband and wife” and “there represent to others that they
were married.” It is obvious that this was a close and committed relationship. It is just as
obvious, however, that both their conduct within the relationship and their representations
to others concerning the relationship indicate that the couple failed to meet the standard
of an informal marriage. Therefore, the jury finding was sufficiently supported by the
evidence so as to not be unjust or clearly wrong, and Westerman’s second issue on appeal
is overruled.
          Accordingly, we AFFIRM the judgment of the trial court.         
 
                                                                                                                                 __________________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice 
 

Opinion delivered and filed
this 22nd day of January, 2004.