

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-017-CV

DEBORAH FRAZIER                                                    APPELLANT

V.

WESLEY RODEN                                                        APPELLEE

------------

## FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Deborah Frazier appeals a take-nothing judgment in favor of Appellee Wesley Roden following a jury trial in a car accident case. In two issues, Frazier argues that the trial court erred by including an instruction on "emergency" in the jury charge and that the jury's verdict is contradictory and should be set aside. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Roden's Version of the Accident

Roden testified that on Friday, April 15, 2005, he was driving a Ford 250 truck north on Interstate 35E and was pulling a trailer with a horse in it. The driving conditions were clear and dry. Traffic was slowing and starting to get bumper to bumper. He was traveling at only twenty to twenty-five miles per hour, following a dump truck that was approximately twenty-five feet in front of him.

Roden had been traveling in the right-hand lane for approximately twenty miles when Frazier's vehicle entered his lane from the left, pulling in front of him. Roden immediately braked and turned his steering wheel to the right to avoid hitting Frazier, but he bumped the back of her vehicle, making minor contact with the passenger-side tail light. Roden's truck suffered no damage. He testified that Frazier said that she was fine and that she told the police at the scene that she was not injured.

Roden testified that there was nothing he could have done to prevent the accident. He said that if he had jerked the steering wheel harder to the right, he probably would have jack-knifed and flipped his truck and trailer. Roden said that he did everything he could to avoid bumping Frazier's vehicle; he felt like Frazier should not have turned into his lane.

2

**B.    Frazier's Version of the Accident**

Frazier testified that she was traveling north on Interstate 35E in the right-hand lane.  She denied changing lanes in front of Roden.  Frazier said that as traffic slowed and started to back up, she was behind an eighteen-wheeler.  Frazier said that she looked in her rear-view mirror and saw Roden coming towards her at a high rate of speed.  Frazier said that she could not move to the left because there was a car there.  Frazier said that Roden hit her and that they both moved to the shoulder.

Frazier claimed that she told the police that her left groin, knee, and ankle, as well as her neck, were sore.  She sought treatment from her family doctor on the Monday following the Friday accident.  Frazier's family doctor referred her to Advanced Physical Therapy.  Frazier also underwent an MRI, met with an orthopedic surgeon, and sought chiropractic care.  Frazier's medical bills totaled $10,241.72.  On cross-examination, Frazier admitted that all the imaging studies had benign findings and that the MRI indicated some degeneration in her neck.  Frazier also admitted that she had told the police dispatch that there were no injuries as a result of the accident, that no ambulance came to the scene, and that her doctor has not placed any restrictions on her activities.

**C.  Jury Charge and Verdict**

Over Frazier's objection, the trial court included an "emergency" instruction in its charge to the jury.  Ultimately, the jury returned a verdict finding neither Frazier nor Roden negligent and awarding Frazier $416 in past medical expenses.  The trial court signed a take-nothing judgment in favor of Roden, stating that it appeared that the jury's verdict was for Roden and against Frazier.  This appeal followed.

### III.  EMERGENCY INSTRUCTION WAS PROPER

In her first issue, Frazier argues that the trial court abused its discretion by including the following emergency instruction in the jury charge:

> If a person is confronted by an "emergency" arising suddenly and unexpectedly, which was not proximately caused by any negligence on his part and which, to a reasonable person, requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or failure to use ordinary care if, after such emergency arises, he acts as a person of ordinary prudence would have acted under the same or similar circumstances.

Frazier argues that submission of this instruction constituted error because no evidence existed that Roden lacked time for deliberation before he took action.

To warrant the submission of an instruction on sudden emergency, there must be evidence that (1) an emergency situation arose suddenly and unexpectedly, (2) the emergency situation was not caused by the defendant's

4

negligence, and (3) after the emergency situation arose, the defendant acted as a person of ordinary prudence would have acted. *Thomas v. Oldham*, 895 S.W.2d 352, 360 (Tex. 1995); *McDonald Transit, Inc. v. Moore*, 565 S.W.2d 43, 44–45 (Tex. 1978). If evidence exists raising a fact issue regarding these elements, the trial court should submit the requested instruction. *Jordan v. Sava, Inc.*, 222 S.W.3d 840, 848 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *DeLeon v. Pickens*, 933 S.W.2d 286, 294 (Tex. App.—Corpus Christi 1996, writ denied). Actions by other vehicles may create a sudden emergency. *See DeLeon*, 933 S.W.2d at 294.

We review the trial court's decision to include a sudden emergency instruction in its charge for an abuse of discretion. *See Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 456 (Tex. 2006). "If an instruction might aid the jury in answering the issues presented to them, or if there is any support in the evidence for an instruction, the instruction is proper." *Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998).

Frazier focuses on the portion of the jury charge defining an emergency as something *that requires immediate action without time for deliberation* and argues that Roden's testimony—that if he had jerked the steering wheel to the right, he probably would have jack-knifed and flipped his truck and trailer—establishes that Roden did have time to deliberate. Frazier argues that,

5

in light this deliberation by Roden, no emergency occurred and that the emergency instruction should not have been submitted.

Roden, however, did not testify that he had time to deliberate or that he did deliberate prior to the accident.[2] Instead, Roden testified that Frazier's vehicle entered his lane from the left and that he "immediately put on [his] brakes, and . . . turned the wheel to the right to try to avoid hitting her." Roden testified that he did not see Frazier's vehicle until she came into his lane. Roden agreed that there was nothing he could have done to prevent the accident from occurring other than not be there.

This testimony by Roden, as well as the other evidence introduced at trial, raises at least an issue of fact on every element of sudden emergency. *See DeLeon*, 933 S.W.2d at 294; *see also Carter v. Helicopter Ambulance Serv. of N. Tex., Inc.*, No. 05-95-00468-CV, 1996 WL 403987, at *5 (Tex. App.—Dallas July 19, 1996, writ denied) (not designated for publication). Consequently, the trial court did not abuse its discretion by submitting the sudden emergency instruction. *See DeLeon*, 933 S.W.2d at 288, 294 (holding that trial court properly submitted sudden emergency instruction when

---

[2] The record reveals that Roden gave that answer—that he probably would have jack-knifed and flipped his truck and trailer—in response to the following question from plaintiff's counsel at trial: "If you had just jerked it, what would have happened?"

conflicting testimony existed regarding whether defendant was following plaintiff's vehicle too closely and rear-ended plaintiff's vehicle or whether negligence of truck driver created sudden emergency causing defendant to swerve into plaintiff's lane and rear-end her vehicle).[3]  We overrule Frazier's first issue.

### IV.  WAIVER OF COMPLAINT THAT JURY VERDICT WAS CONTRADICTORY

In her second issue, Frazier argues that the jury's verdict was contradictory because the jury found that neither Frazier nor Roden were negligent yet awarded Frazier $416 for past medical care.  If the jury's verdict is "incomplete, or not responsive to the questions contained in the court's charge, or the answers to the questions are in conflict, the court shall in writing instruct the jury in open court of the nature of the incompleteness, unresponsiveness, or conflict, provide the jury such additional instructions as

---

[3] The cases cited by Frazier did not involve conflicting evidence raising an issue of fact on every element of sudden emergency like the evidence here; therefore, those cases are not controlling.  *See Deviney v. McLendon*, 496 S.W.2d 161, 163, 166 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.) (holding sudden emergency instruction erroneous when both parties testified that defendant rear-ended plaintiff's car, which was stopped on Loop 410, and no evidence was presented raising sudden emergency); *Petty v. Children's World Learning Ctrs., Inc.*, No. 05-94-00998-CV, 1995 WL 379522, at *4 (Tex. App.—Dallas May 31, 1995, writ denied) (not designated for publication) (holding sudden emergency instruction erroneous but harmless when evidence showed only that third party's conduct was sole proximate cause of accident).

may be proper, and retire the jury for further deliberations." *See* Tex. R. Civ. P. 295. Frazier did not raise any contention concerning conflicting jury findings in the trial court before the jury was discharged, so the trial court did not have the opportunity to provide the jury such additional instructions as may have been proper and the jury did not have the opportunity to retire for further deliberations. Accordingly, because Frazier did not advise the trial court of this alleged conflict in the jury's verdict, this issue is not preserved for our review. *See* Tex. R. Civ. P. 295; *Kennedy Ship & Repair, L.P. v. Pham*, 210 S.W.3d 11, 24 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Kitchen v. Frusher*, 181 S.W.3d 467, 473 (Tex. App.—Fort Worth 2005, no pet.) (op. on reh'g); *Columbia Med. Ctr. of Las Colinas v. Bush*, 122 S.W.3d 835, 861 (Tex. App.—Fort Worth 2003, pet. denied).

Frazier argues in her reply brief that the Texas Supreme Court has never applied the waiver or preservation doctrine to a purported conflict in jury findings and that cases holding that waiver of an alleged conflict in jury findings occurs if a party fails to object to the purported conflict before the jury is discharged are erroneous and not well-founded. Frazier traces cases applying this waiver doctrine and claims that they are not well-reasoned. However, the origin of this waiver doctrine is Texas Rule of Civil Procedure 295, which was promulgated by the Texas Supreme Court. *See* Tex. R. Civ. P. 295. That rule

8

requires the trial court to provide instructions to the jury and requires the jury to redeliberate in the event of conflicting answers in their verdict. *See id.* A trial court cannot comply with Rule 295 unless it knows that a party believes the jury has returned conflicting answers in its verdict. Consequently, we decline Frazier's invitation to revisit existing case law requiring a party to object in the trial court to an alleged conflict in the jury's verdict in order to preserve that issue for appellate review.

Finally, in any event, no conflict exists in the jury's verdict. Frazier claims a fatal conflict exists between the jury's failure to find either Roden or Frazier negligent in Question No. 1 (by answering "no" as to both Frazier and Roden in the liability question) and the jury's answer to Question No. 3 (the damage question) awarding Frazier $416 in past medical expenses. But Question No. 3, the damage question, was not conditionally submitted; the jury was required to answer it regardless of its answer to Question No. 1. *See Turner v. Precision Surgical, L.L.C.*, 274 S.W.3d 245, 249 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (explaining that a jury question is conditionally submitted when the jury is instructed to answer the question contingent upon its answer to some other question). Because the jury was required to answer Question No. 3 regardless of its answer to Question No. 1, no conflict exists in the jury's verdict; the jury simply found that the accident was not proximately caused by Frazier or by

9

Roden and that Roden sustained past medical expenses of $416 as a result of the accident that was not either party's fault. *See, e.g.*, *Casualty Underwriters v. Rhone,* 134 Tex. 50, 54, 132 S.W.2d 97, 99 (1939) (explaining, "[i]t will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled").

We therefore overrule Frazier's second issue.

## V. CONCLUSION

Having overruled both of Frazier's issues, we affirm the trial court's take-nothing judgment in favor of Roden.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: October 22, 2009