COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT 
WORTH
 
 
                                        
NO. 2-09-017-CV
 
DEBORAH 
FRAZIER                                                              
APPELLANT
 
                                                   
V.
 
WESLEY RODEN                                                                    
APPELLEE
 
                                              
------------
 
          
FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------
I.  INTRODUCTION
Appellant 
Deborah Frazier appeals a take-nothing judgment in favor of Appellee Wesley 
Roden following a jury trial in a car accident case.  In two issues, Frazier argues that the 
trial court erred by including an instruction on Aemergency@ in 
the jury charge and that the jury=s 
verdict is contradictory and should be set aside.  We will affirm.
II.  FACTUAL 
AND 
PROCEDURAL 
BACKGROUND
A.     
Roden=s 
Version of the Accident
Roden 
testified that on Friday, April 15, 2005, he was driving a Ford 250 truck north 
on Interstate 35E and was pulling a trailer with a horse in it.  The driving conditions were clear and 
dry.  Traffic was slowing and 
starting to get bumper to bumper.  
He was traveling at only twenty to twenty-five miles per hour, following 
a dump truck that was approximately twenty-five feet in front of 
him.
Roden 
had been traveling in the right-hand lane for approximately twenty miles when 
Frazier=s 
vehicle entered his lane from the left, pulling in front of him.  Roden immediately braked and turned his 
steering wheel to the right to avoid hitting Frazier, but he bumped the back of 
her vehicle, making minor contact with the passenger-side tail light.  Roden=s 
truck suffered no damage.  He 
testified that Frazier said that she was fine and that she told the police at 
the scene that she was not injured. 
Roden 
testified that there was nothing he could have done to prevent the 
accident.  He said that if he had 
jerked the steering wheel harder to the right, he probably would have 
jack-knifed and flipped his truck and trailer.  Roden said that he did everything he 
could to avoid bumping Frazier=s 
vehicle; he felt like Frazier should not have turned into his lane. 

B.     
Frazier=s 
Version of the Accident
Frazier 
testified that she was traveling north on Interstate 35E in the right-hand 
lane.  She denied changing lanes in 
front of Roden.  Frazier said that 
as traffic slowed and started to back up, she was behind an 
eighteen-wheeler.  Frazier said that 
she looked in her rear-view mirror and saw Roden coming towards her at a high 
rate of speed.  Frazier said that 
she could not move to the left because there was a car there.  Frazier said that Roden hit her and that 
they both moved to the shoulder. 
Frazier 
claimed that she told the police that her left groin, knee, and ankle, as well 
as her neck, were sore.  She sought 
treatment from her family doctor on the Monday following the Friday 
accident.  Frazier=s 
family doctor referred her to Advanced Physical Therapy.  Frazier also underwent an MRI, met with 
an orthopedic surgeon, and sought chiropractic care.  Frazier=s 
medical bills totaled $10,241.72.  
On cross-examination, Frazier admitted that all the imaging studies had 
benign findings and that the MRI indicated some degeneration in her neck.  Frazier also admitted that she had told 
the police dispatch that there were no injuries as a result of the accident, 
that no ambulance came to the scene, and that her doctor has not placed any 
restrictions on her activities.
C.     Jury Charge and 
Verdict
Over 
Frazier=s 
objection, the trial court included an Aemergency@ 
instruction in its charge to the jury.  
Ultimately, the jury returned a verdict finding neither Frazier nor Roden 
negligent and awarding Frazier $416 in past medical expenses.  The trial court signed a take-nothing 
judgment in favor of Roden, stating that it appeared that the jury=s 
verdict was for Roden and against Frazier.  
This appeal followed.
III.  EMERGENCY 
INSTRUCTION 
WAS 
PROPER
In her 
first issue, Frazier argues that the trial court abused its discretion by 
including the following emergency instruction in the jury 
charge:
If a person is confronted 
by an Aemergency@ arising suddenly and 
unexpectedly, which was not proximately caused by any negligence on his part and 
which, to a reasonable person, requires immediate action without time for 
deliberation, his conduct in such an emergency is not negligence or failure to 
use ordinary care if, after such emergency arises, he acts as a person of 
ordinary prudence would have acted under the same or similar circumstances. 

 
Frazier 
argues that submission of this instruction constituted error because no evidence 
existed that Roden lacked time for deliberation before he took 
action.
To 
warrant the submission of an instruction on sudden emergency, there must be 
evidence that (1) an emergency situation arose suddenly and unexpectedly, (2) 
the emergency situation was not caused by the defendant=s 
negligence, and (3) after the emergency situation arose, the defendant acted as 
a person of ordinary prudence would have acted.  Thomas v. Oldham, 895 S.W.2d 352, 
360 (Tex. 1995); McDonald Transit, Inc. v. 
Moore, 565 S.W.2d 43, 44B45 
(Tex. 
1978).  If evidence exists raising a 
fact issue regarding these elements, the trial court should submit the requested 
instruction.  Jordan v. Sava, 
Inc., 222 S.W.3d 840, 848 (Tex. App.CHouston 
[1st Dist.] 2007, no pet.); DeLeon v. Pickens, 933 S.W.2d 286, 294 (Tex. 
App.CCorpus 
Christi 1996, writ denied).  Actions 
by other vehicles may create a sudden emergency.  See DeLeon, 933 S.W.2d at 
294.
We 
review the trial court=s 
decision to include a sudden emergency instruction in its charge for an abuse of 
discretion.  See Dew v. Crown 
Derrick Erectors, Inc., 208 S.W.3d 448, 456 (Tex. 2006).  AIf an 
instruction might aid the jury in answering the issues presented to them, or if 
there is any support in the evidence for an instruction, the instruction is 
proper.@  Louisiana-Pacific Corp. v. 
Knighten, 976 S.W.2d 674, 676 (Tex. 1998).

Frazier 
focuses on the portion of the jury charge defining an emergency as something 
that requires immediate action without time for deliberation and argues 
that Roden=s 
testimonyCthat 
if he had jerked the steering wheel to the right, he probably would have 
jack-knifed and flipped his truck and trailerCestablishes 
that Roden did have time to deliberate.  
Frazier argues that, in light this deliberation by Roden, no emergency 
occurred and that the emergency instruction should not have been 
submitted.
Roden, 
however, did not testify that he had time to deliberate or that he did 
deliberate prior to the accident.[2]  Instead, Roden testified that 
Frazier=s 
vehicle entered his lane from the left and that he Aimmediately 
put on [his] brakes, and . . . turned the wheel to the right to try to avoid 
hitting her.@  Roden testified that he did not see 
Frazier=s 
vehicle until she came into his lane.  
Roden agreed that there was nothing he could have done to prevent the 
accident from occurring other than not be there.
This 
testimony by Roden, as well as the other evidence introduced at trial, raises at 
least an issue of fact on every element of sudden emergency.  See DeLeon, 933 S.W.2d at 294; 
see also Carter v. Helicopter Ambulance Serv. of N. Tex., Inc., No. 
05-95-00468-CV, 1996 WL 403987, at *5 (Tex. App.CDallas 
July 19, 1996, writ denied) (not designated for publication).  Consequently, the trial court did not 
abuse its discretion by submitting the sudden emergency instruction.  See DeLeon, 933 S.W.2d at 288, 
294 (holding that trial court properly submitted sudden emergency instruction 
when conflicting testimony existed regarding whether defendant was following 
plaintiff=s 
vehicle too closely and rear-ended plaintiff=s 
vehicle or whether negligence of truck driver created sudden emergency causing 
defendant to swerve into plaintiff=s lane 
and rear-end her vehicle).[3]  We overrule Frazier=s 
first issue.
IV.  WAIVER 
OF 
COMPLAINT 
THAT 
JURY 
VERDICT 
WAS 
CONTRADICTORY
In her 
second issue, Frazier argues that the jury=s 
verdict was contradictory because the jury found that neither Frazier nor Roden 
were negligent yet awarded Frazier $416 for past medical care.  If the jury=s 
verdict is Aincomplete, 
or not responsive to the questions contained in the court=s 
charge, or the answers to the questions are in conflict, the court shall in 
writing instruct the jury in open court of the nature of the incompleteness, 
unresponsiveness, or conflict, provide the jury such additional instructions as 
may be proper, and retire the jury for further deliberations.@  See Tex. R. Civ. P. 295.  Frazier did not raise any contention 
concerning conflicting jury findings in the trial court before the jury was 
discharged, so the trial court did not have the opportunity to provide the jury 
such additional instructions as may have been proper and the jury did not have 
the opportunity to retire for further deliberations.  Accordingly, because Frazier did not 
advise the trial court of this alleged conflict in the jury=s 
verdict, this issue is not preserved for our review.  See Tex. R. Civ. P. 295; Kennedy Ship & Repair, L.P. v. 
Pham, 210 S.W.3d 11, 24 (Tex. 
App.CHouston 
[14th Dist.] 2006, no pet.); Kitchen v. Frusher, 181 S.W.3d 467, 473 
(Tex. 
App.CFort 
Worth 2005, no pet.) (op. on reh=g); 
Columbia Med. Ctr. of Las Colinas v. Bush, 122 S.W.3d 835, 861 (Tex. 
App.CFort 
Worth 2003, pet. denied).
Frazier 
argues in her reply brief that the Texas Supreme Court has never applied the 
waiver or preservation doctrine to a purported conflict in jury findings and 
that cases holding that waiver of an alleged conflict in jury findings occurs if 
a party fails to object to the purported conflict before the jury is discharged 
are erroneous and not well-founded.  
Frazier traces cases applying this waiver doctrine and claims that they 
are not well-reasoned.  However, the 
origin of this waiver doctrine is Texas Rule of Civil Procedure 295, which was 
promulgated by the Texas Supreme Court.  
See Tex. R. Civ. P. 295.  That rule requires the trial court to 
provide instructions to the jury and requires the jury to redeliberate in the 
event of conflicting answers in their verdict.  See id.  A trial court cannot comply with Rule 295 
unless it knows that a party believes the jury has returned conflicting answers 
in its verdict.  Consequently, we 
decline Frazier=s 
invitation to revisit existing case law requiring a party to object in the trial 
court to an alleged conflict in the jury=s 
verdict in order to preserve that issue for appellate 
review.
Finally, 
in any event, no conflict exists in the jury=s 
verdict.  Frazier claims a fatal 
conflict exists between the jury=s 
failure to find either Roden or Frazier negligent in Question No. 1 (by 
answering Ano@ as to 
both Frazier and Roden in the liability question) and the jury=s 
answer to Question No. 3 (the damage question) awarding Frazier $416 in past 
medical expenses.  But Question No. 
3, the damage question, was not conditionally submitted; the jury was required 
to answer it regardless of its answer to Question No. 1.  See Turner v. Precision Surgical, 
L.L.C., 274 S.W.3d 245, 249 (Tex. App.CHouston 
[1st Dist.] 2008, no pet.) (explaining that a jury question is conditionally 
submitted when the jury is instructed to answer the question contingent upon its 
answer to some other question).  
Because the jury was required to answer Question No. 3 regardless of its 
answer to Question No. 1, no conflict exists in the jury=s 
verdict; the jury simply found that the accident was not proximately caused by 
Frazier or by Roden and that Roden sustained past medical expenses of $416 as a 
result of the accident that was not either party=s 
fault.  See, e.g., 
Casualty Underwriters v. Rhone, 134 Tex. 50, 54, 132 S.W.2d 97, 99 (1939) 
(explaining, A[i]t 
will never be presumed that jurors intend to return conflicting answers, but the 
presumption is always to the contrary. Courts properly refuse to strike down 
answers on the ground of conflict, if there is any reasonable basis upon which 
they may be reconciled@).
We 
therefore overrule Frazier=s 
second issue.
V.  CONCLUSION
Having 
overruled both of Frazier=s 
issues, we affirm the trial court=s 
take-nothing judgment in favor of Roden.
 
SUE 
WALKER
JUSTICE
 
PANEL:  DAUPHINOT, GARDNER, and WALKER, 
JJ.
 
 
DELIVERED: October 22, 
2009
 




[1]See Tex. R. App. P. 
47.4.

[2]The record reveals that 
Roden gave that answerCthat he probably would 
have jack-knifed and flipped his truck and trailerCin response to the 
following question from plaintiff=s counsel at trial:  AIf you had just jerked 
it, what would have happened?@ 


[3]The cases cited by 
Frazier did not involve conflicting evidence raising an issue of fact on every 
element of sudden emergency like the evidence here; therefore, those cases are 
not controlling.  See Deviney v. 
McLendon, 496 S.W.2d 161, 163, 166 (Tex. Civ. App.CBeaumont 1973, writ 
ref=d n.r.e.) (holding sudden 
emergency instruction erroneous when both parties testified that defendant 
rear-ended plaintiff=s car, which was stopped 
on Loop 410, and no evidence was presented raising sudden emergency); Petty 
v. Children=s World Learning Ctrs., 
Inc., 
No. 05-94-00998-CV, 1995 WL 379522, at *4 (Tex. App.CDallas May 31, 1995, writ 
denied) (not designated for publication) (holding sudden emergency instruction 
erroneous but harmless when evidence showed only that third party=s conduct was sole 
proximate cause of accident).