**STATE of Texas et al., Petitioners,**

**v.**

**A. E. WILEMON et al., Respondents.**

No. A–10589.

Supreme Court of Texas.

July 7, 1965.

Rehearing Denied Oct. 6, 1965.

Henry Wade, Dist. Atty., Dallas, Jerome E. Dawkins, Don Stodghill, Asst. Dist. Attys., for petitioners.

Bonney & Wade, Robert A. Stripling, Jr., Dallas, for respondents.

WALKER, Justice.

This is an eminent domain proceeding in which the Court of Civil Appeals has held that a statement made by the trial judge during argument of counsel constituted a prejudicial comment on the weight of the

evidence. The judgment of the County Court at Law was reversed and the cause remanded for a new trial. 385 S.W.2d 573. We have concluded that the error asserted was not properly preserved in the trial court.

The proceeding was instituted by the State of Texas and County of Dallas, petitioners, to condemn an easement for highway purposes upon and across slightly less than one acre of land, which is about one-half of the tract owned by A. E. Wilemon et al, respondents. The special commissioners fixed the damages at $7,000.00, and the amount of the award was deposited by petitioners and withdrawn by respondents. Respondents perfected their appeal to the County Court at Law and admitted petitioners' right to condemn. The jury found that the value of the property condemned was $1,215.00, and that there was no diminution in the value of the remainder of respondents' tract as a result of the taking. Judgment was entered on the verdict vesting in petitioners an easement on the land described in the petition and decreeing that they recover from respondents the $5,785.00 difference between the award of the special commissioners and the damages assessed by the jury.

The comment of the trial judge which led to a reversal by the Court of Civil Appeals related to the testimony of Joseph R. Smith. Smith was the only witness offered by petitioners who gave any evidence bearing on the value issues. He stated that in his opinion the property condemned was worth $1,215.00, and that the remainder of respondents' tract was not damaged by the taking. The jury obviously accepted his testimony and based its findings thereon.

On direct examination, Smith testified that there are three generally accepted methods of determining the value of real estate, and that each has its place depending upon the type of property being appraised. These are: (1) the income approach which, according to the witness, is highly desirable where the net income can be computed over

a period of time with such certainty that it partakes of the nature of an annuity; (2) the cost approach, which the witness stated could not properly be used in the present case; and (3) the market value approach, i.e. the price for which similar property suitable for the same use might be purchased. Smith stated that he had used the third method, and testified in detail regarding sales of comparable land in the area on which his appraisal was based.

At the time of the taking, the land was leased by respondents to a tenant who used the same for a wrecking yard. The rent was $75.00 per month, but the other terms of the lease are not disclosed by the record. Smith was asked on cross examination whether the land taken would be worth only $1,215.00 if it was rented for $75.00 a month. He again stated that before an opinion as to value could be based on income, it was necessary to have some assurance that the income would continue over a relatively long period of time. The witness also explained that in this instance the disparity between the contract rent and the amount for which similar property could be leased was so great that it was unlikely the property would continue to yield $75.00 a month after the end of the current lease. For that reason he disregarded the monthly rental received by respondents in making his appraisal.

In arguing the case to the jury, counsel for respondents attempted to discredit Smith's valuation because he had not considered the $75.00 monthly rental. His argument on this point and the ensuing objection, ruling and exception were as follows:

"MR. BONNEY [counsel for respondents]: * * * Another thing that Mr. Smith would never agree to and never admit was that his method— one of his recognized methods of appraisal using the rental from a property to determine its value would have anything to do with the value of this property—

"MR. ROBERTSON [counsel for petitioners]: That is not correct, Your Honor, and we object to any statement of this nature which is outside the record. Mr. Smith did not so testify. He testified that the income approach was a proper method to use to appraise property if you had a tenant like Kress or somebody like that.

"THE COURT: Well, I thought Mr. Smith explained his position with regard to this rental matter, and I will sustain Counsel's objection.

"MR. BONNEY: Note our exception."

Respondents contend that the quoted statement by the trial judge was an improper comment on the weight of the evidence. They say it advised the jury that Smith's testimony was credible, or at least that the judge believed the witness and accepted his explanation. The remark that the court thought Mr. Smith explained his position with regard to the rental matter was a simple and accurate statement of fact, and in itself could not constitute a comment on the weight of the evidence. It must be viewed in context, however, and when so considered we are inclined to believe that respondents' basic contention is sound. Their counsel was attacking the witness because he had refused to consider the monthly rental in appraising the property. When the court stated that he thought Smith had explained his position and in the same breath ruled that the argument could not be made, the jury might have understood this to mean that the witness properly gave no weight to the contract rent in determining value.

There is reason to doubt that the remarks were so interpreted at the time by anyone in the courtroom, and we are satisfied that they could have been rendered harmless if the construction now urged by respondents had been called to the attention of the trial judge. It is not likely that the members of the jury would have allowed the statement to influence them after they were instructed to disregard the same, reminded that they were the sole judges of the credibility of the witnesses and the weight to be given their testimony, and advised that the court did not mean to suggest that the position taken by Smith was sound or unsound or that his explanation of that position was satisfactory or unsatisfactory.

 As pointed out by the Court of Civil Appeals, an objection to improper conduct or comment on the part of the court in the trial of the case generally must be made at the time of the occurrence if the error is to be preserved for appellate review unless the conduct or comment is of a character that cannot be rendered harmless by proper instruction. See Rule 373, Texas Rules of Civil Procedure; 3 Tex.Jur.2d, Appeal and Error § 151, and authorities there cited. "The policy underlying our rules is that for most procedural errors to be considered on appeal the defendant must by timely objection give the trial judge a chance to correct his errors." Lewis v. Texas Employers' Ins. Ass'n., 151 Tex. 95, 246 S.W.2d 599. Here respondents excepted to the sustaining of the objection to the argument of their counsel, but they did not object to the statement made by the court on the ground that it constituted a comment on the weight of the evidence. Any right they may have had to complain of the remarks of the court was thus waived, and the ruling on the argument was not brought forward on appeal.

Respondents had a number of other points of error in the Court of Civil Appeals. We have considered those which present questions of law and agree with the intermediate court that none of them affords a basis for reversing the judgment of the trial court. The judgment of the Court of Civil Appeals is accordingly reversed, and that of the trial court is affirmed.