**BRAZOS RIVER AUTHORITY, Appellant,**

v.

**A. L. BERRY et ux., Appellee.**

**No. 515.**

Court of Civil Appeals of Texas, Tyler.

July 16, 1970.

Rehearing Denied Aug. 13, 1970.

Beard & Kultgen, David B. Kultgen, Waco, Jimmie Dixon, Granbury, for appellant.

Hooper & Kerry, Michael R. Burkett, Fort Worth, for appellees.

McKAY, Justice.

This is an appeal from a condemnation proceeding brought by the Brazos River Authority against A. L. Berry and his wife to acquire a portion of the Berrys' farm for the DeCordova Bend Reservoir. Upon a jury verdict, judgment was entered in the sum of $75,853.00, which included $57,817.00 for the fee interest in 68.2 acres and $18,036.00 for overflow easement over an additional 45.09 acres.

By its first two points, appellant contends that the trial judge of the County Court, who was not an attorney, made a comment on the weight of the evidence in the presence of the jury, and that such remark is reversible error. The incident occurred during the reading into evidence of the testimony of W. R. Thomas, a witness for appellees, concerning sand and gravel deposits below that portion of the land to be taken in fee. Appellant was contending in the trial court that the deposits were not of commercial value. It interposed an objection to a particular question as to the value of these deposits, and there followed a lengthy argument between counsel on both sides, covering several pages in the Statement of Facts, during which time, the following dialogue occurred:

"THE COURT: Well, there is no doubt in my mind that, eventually, some day, it (the sand and gravel) would have been removed.

"MR. HOOPER (attorney for appellee): Yes.

"MR. KULTGEN (attorney for appellant): Of course, I object to the Court's making that statement because we have had testimony—

"THE COURT: I'm sorry. I will retract that.

"MR. KULTGEN: All right, sir."

No further objection, request for instructions to the jury to disregard the remark, or request for a ruling on its objection was made; the testimony proceeded, with Mr. Kultgen reading his cross-examination of Thomas.

The next morning, appellant moved for a mistrial on the grounds that the court, the day before, had made a comment on the weight of the evidence in the presence of the jury. The motion was overruled.

The appellant should have made the proper objection, calling the remark more specifically to the trial judge's attention, and asked for proper instructions to the jury. An objection to improper conduct or comment on the part of the court in the trial of a case generally must be made at the time of the occurrence if the error is to be preserved for appellate review unless the conduct or comment is of a character that cannot be rendered harmless by proper instruction. Rule 373, T.R.C.P.; State v. Wilemon, 393 S.W.2d 816 (Tex. Sup., 1965); 3 Tex.Jur.2d, Appeal and Error, Sec. 151, and authorities there cited.

"The policy underlying our rules is that for most procedural errors to be considered on appeal the defendant must by timely objection give the trial judge a chance to correct his errors." Lewis v. Texas Employers' Ins. Ass'n., 151 Tex. 95, 246 S.W. 2d 599; State v. Wilemon, supra. By delaying its objection to the remark of the trial judge on the basis of a comment on

the weight of the evidence until the following day, thus denying the trial court the opportunity to properly correct its error, appellant has waived any right it may have had to complain of the remark. State v. Wilemon, supra.

■ Even if we had held otherwise that appellant had not waived his right to complain of the remark by the trial judge, in our opinion, any error that may have been committed by such remark is harmless error. Rule 434, T.R.C.P.

In the case of Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298 (1956), the Supreme Court said:

"Before an error may be made the basis of reversing a trial court judgment the appellate court must be satisfied that the error complained of 'was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case.' Reversal may not be predicated upon a simple showing that error occurred and that the jury returned a verdict in some respects favorable to the party the error was reasonably calculated to help. If it could, the further provisions of Rules 434 and 503 that it must also appear that the error 'probably did cause, the rendition of an improper judgment' would be meaningless and pointless.

"A determination of whether the error 'probably did cause, the rendition of an improper judgment' by influencing the jury to return a verdict it probably would not otherwise have returned is to be made from an examination of the record as a whole, City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, 863, including the 'state of the evidence'.

■

Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367, 370."

■ Appellant next complains of the admission over its objection of the testimony of appellees' witness Thomas as to the value of the sand and gravel deposits. Thomas was allowed to testify that the deposits were worth, in his opinion, $23,850.00. This testimony related only to that portion of the Berry land to be taken in fee, which the jury found to have a cash market value of $57,817.00. However, another of appellees' witnesses, Skinner, testified that the land, for agricultural purposes was worth some $75,000.00. As the jury finding was supported by other evidence, any error that might have occurred by the admission of the Thomas testimony is harmless error. Rule 434, T.R.C.P., Walker v. Texas Employers' Insurance Association, supra.

■ Appellant's final points allege insufficiency of the evidence to support the jury finding that the cash market value of the 45.09 acres after the easement was imposed to be $2,254.00. There was testimony that the land would have a cash market value of "very little, if anything" after the easement because of the possibility of frequent flooding.

"In a condemnation case, the jury when considering the value of condemnee's remaining property immediately after condemnation, is restricted only by the lowest figure testified to." Maddox v. Gulf, Colorado & Santa Fe Ry. Co., 293 S.W.2d 499 (Tex.Civ.App., Ft. Worth, 1956, ref., n. r. e.); Southwestern Electric Power Co. v. Presswood, 420 S.W.2d 182 (Tex.Civ.App., Tyler, 1967, n. w. h.). These points are overruled.

Judgment of the trial court is affirmed.