Frank **CROWLEY**, by Next Friend, Tol E. Crowley,

v.

Robert R. **BABOLCSAY.**

No. 13235.

Court of Civil Appeals of Texas, Austin.

Jan. 21, 1981.

Rehearing Denied Feb. 18, 1981.

John L. Bates, Waco, for appellants.

Bob Burleson, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellee.

SHANNON, Justice.

Appellants, Frank Crowley, a minor, by his next friend and stepfather, Tol E. Crowley, sued appellee, Robert R. Babolcsay, in the district court of Bell County for personal injuries sustained in an automobile collision near Belton. After a jury trial, the district court entered a take nothing judgment. This Court will affirm that judgment.

On March 26, 1977, the younger Crowley was riding in a Volkswagen driven by his friend, Beverly J. Brown, on Farm Road 2271 about three miles north of Belton when Brown's vehicle collided head-on with Babolcsay's automobile. Crowley suffered a broken leg as a result of the collision.

Appellants pleaded that Babolcsay was guilty of several acts of negligence, several of which were violations of Tex.Rev.Civ. Stat.Ann. art. 6701d, § 1 *et seq.*

Being of the view that there was some evidence of a legally acceptable excuse for Babolcsay's violation of the statute, the district court instructed the jury on emergency and submitted issues inquiring whether Babolcsay was guilty of any of several acts of negligence. *Moughon v. Wolf,* 576 S.W.2d 603 (Tex.1978); *Impson v. Structural Metals, Inc.,* 487 S.W.2d 694 (Tex.1972).

In response to the charge, the jury failed to find Babolcsay guilty of negligence in the following respects: in not keeping his vehicle completely within his own right lane; in failing to keep a proper lookout; in failing to turn his vehicle; in failing to make proper application of the brakes; and in driving at an excessive rate of speed. On the other hand, the jury found Crowley negligent in giving Beverly Brown beer when she was driving, and that such negligence was a proximate cause of the wreck. The jury answered "none" to all of the damage issues.

Appellants' first point of error is that the district court erred in submitting the instruction on emergency because there was no evidence or, alternatively, there was insufficient evidence to so instruct the jury.

The rules for consideration of "no evidence" and "insufficient evidence" points of error have been stated many times. In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the judgment and consider only the facts and circumstances that tend to support the judgment. In reviewing factual insufficiency points of error, the court considers all of the evidence. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960).

The collision occurred at the top of a "blind" hill during the rainy afternoon of March 26, 1977. Farm Road 2271, at or near the scene of the wreck, is narrow and twisting. The highway was not marked with either a center stripe or a no passing stripe.

Crowley and Beverly Brown were neighbors in Morgan's Point. They were both at the Dairy Queen in Belton and Beverly offered to give him a ride home. Their testimony was that Crowley obtained one beer from a friend at the Dairy Queen and that they jointly sipped that beer up until time of the wreck.

Crowley and Brown testified that as the Volkswagen climbed the hill, an unidentified vehicle was meeting them in the opposite lane of traffic. They stated further that Babolcsay's automobile, which was also traveling toward the Volkswagen, attempted to pass the unidentified vehicle and in so doing ran head-on with the Volkswagen. Although Brown testified that she had applied the brakes, there were no skidmarks laid down by the Volkswagen.

Babolcsay, to the contrary, testified that he was driving from twenty to twenty-five miles per hour when his automobile came up behind the unidentified vehicle, which had stopped in the lane of traffic. It had first appeared to Babolcsay that the unidentified vehicle was slowly moving forward. To avoid striking the stopped vehicle, Babolcsay stated that he first looked to the left, and when he saw no approaching traffic, turned his car into the left lane and succeeded in stopping before impact with the Volkswagen. Babolcsay testified that

he decided not to turn to the right because there were trees and a ditch close to the edge of the highway.

Babolcsay testified that had the driver of the Volkswagen been looking, there was nothing to keep her from seeing his car. After the wreck, Babolcsay approached the Volkswagen and saw Brown throw out a bottle of beer. He asked Brown if she and Crowley had been drinking. Her reply was ". . . yes, but don't tell anybody."

Babolcsay was permitted to testify, without objection, that just prior to the wreck, he was operating under what appeared to him to be an emergency situation. He also testified that under the circumstances he chose the best course of action available to him.

Because there was ample evidence supporting the instruction in emergency, the point of error is overruled.

The jury answered "none" to all of the damage issues. By their fourth point, appellants claim that they were entitled to a new trial because the jury's finding that appellants did not suffer damages was contrary to the undisputed evidence.

The point of error is without merit. The failure of the jury to establish negligence on the part of Babolcsay required the rendition of judgment in favor of Babolcsay regardless of the extent of injury suffered by appellants. In view of the jury's findings, it would have been the duty of the district court to render judgment for Babolcsay even if the jury had answered that appellants were damaged in substantial amount or even if the jury had failed to answer the issues as to damages. *Southern Pine Lumber Co. v. Andrade*, 132 Tex. 372, 124 S.W.2d 334 (1939).

Appellee's counsel developed the facts that Frank Crowley had been convicted of possession of marijuana and on March 20, 1979, had been placed on probation by the county court. Further, on May 17, 1979, Crowley had been convicted of burglary and placed on probation for five years by the district court. One of the terms of the

probation was that Crowley "abstain from the use of narcotic drugs in any form." The probation agreements signed by Crowley were placed in evidence.

In an effort to rehabilitate Crowley, his counsel asked Crowley:

"Q Well, have you smoked marijuana?

A Yes, Sir. I'm not saying, I haven't.

Q All Right. But do you regularly smoke marijuana?

A No, I don't.

Q In other words, is your use of marijuana any greater or smaller than what most of the kids in high school have experimented with?

A I don't know.

Q Well, when we were talking about this, now, Mr. Burleson has raised the question,—do you smoke marijuana every day?

A No, sir. I don't.

Q A week, month, or what?

THE COURT: Excuse me, counsel. It's been pointed out here that this young man is on probation and one of the conditions of that probation would be that he not use any marijuana, and I would like for him to have the advice of counsel before he incriminates himself.

MR. BATES: I'm sorry, your Honor. The question—

THE COURT: Might be better—

MR. BATES: —Has been brought up in this trial was the only reason I was going into it.

THE COURT: All right, sir."

Appellants' counsel did not object to the court's observation, move to have the jury disregard it, nor did he move for mistrial.

Appellants' fifth point of error is that "(t)he trial court erred in interrupting examination of Plaintiff in direct examination in open court in the presence of the jury in a very clear voice in which the court instructed Plaintiff's attorney that if he proceeded with the line of questions another lawyer would be appointed to represent the Plaintiff; such a comment constituted fundamental error and a comment on the weight of the evidence."

Appellants argue under the point that the jury could draw "... no other conclusion from the Court's statement but to think the plaintiff was shortly going to the penitentiary for violations of his probation."

It should be observed that nothing in the comment of the district court implied that "another lawyer" would be needed. The comment was probably made to warn Crowley that he should take time to consult with his counsel before giving evidence that could be used against him as a probation revocation.

■ Assuming *arguendo* that the district court's observation was error, appellants waived that error. An objection to a comment of the trial court generally must be made at the time of the utterance unless the comment was of a character that it could not be rendered harmless by proper instruction. *State v. Wilemon*, 393 S.W.2d 816 (Tex.1965). The underlying policy of the rule is, of course, that the complaining party must give the trial court an opportunity to correct its error. *State v. Wilemon, supra.*

■ There is reason to doubt that the remark of the district court was interpreted by any member of the jury that Crowley's probation was to be revoked and that he was to be sent to the penitentiary. Even so, this Court is satisfied that the district court's comment could have been rendered harmless by instruction if the construction of the remark, now urged by appellants, had been called to the attention of the district court. See *State v. Wilemon, supra.*

Appellants assert other points of error that are not meritorious and are overruled.

The judgment is affirmed.

POWERS, J., not sitting.