NUMBER 13-07-351-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JULIAN ORDUNA GONZALEZ, ET AL., Appellants,


v. 


RODRIGO CRUZ, ET AL., Appellees.

 


On appeal from the 357th District Court 

of Cameron County, Texas


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela


 

 Julian Orduna Gonzalez, Felipe Flores, and Porfiria Guerrero Toral ("appellants")
appeal from a take nothing judgment entered in favor of Transit Mix Concrete and
Materials Company and Rodrigo Cruz ("Transit Mix"). By two issues, appellants challenge
the factual sufficiency of the evidence to support the verdict and to support a finding of zero
damages. And, by their third issue, appellants complain of judicial error in submitting a
"sudden emergency" instruction to the jury. We affirm.

I. Background

 A white Lincoln automobile stalled along the Queen Isabella Memorial Causeway,
disrupting the flow of traffic. Appellants' vehicle stopped behind the stalled vehicle. 
Marissa Cruz, who was driving an Oldsmobile, stopped behind appellants' vehicle. Rodrigo
Cruz, driving a concrete truck owned by Transit Mix, applied his brakes but struck the
Oldsmobile which in turn struck appellants' vehicle. Appellants brought suit to recover
damages for injuries resulting from the collision. The jury found neither Rodrigo Cruz nor
Transit Mix negligent and awarded appellants zero damages.

II. Analysis

A. Jury finding of no negligence

 By their first issue, appellants complain that the evidence is factually insufficient to
support the jury's finding that Transit Mix was not negligent. A motion for new trial is a
prerequisite to a civil complaint challenging the factual sufficiency of the evidence
supporting a jury finding. Tex. R. Civ. P. 324(b)(2). To preserve error, the motion for new
trial must state the factual sufficiency complaint with sufficient specificity to make the trial
court aware of the complaint, unless the specific grounds were apparent from the context.
See, e.g., Halim v. Ramchandani, 203 S.W.3d 482, 487 (Tex. App.-Houston [14th Dist.]
2006, no pet.); Tex. R. App. P. 33.1(a)(1)(A).

 Appellants did not file a motion for a new trial but, rather, made the factual
sufficiency assertion in a judgment notwithstanding the verdict ("JNOV") motion. However,
a JNOV motion does not suffice to preserve a challenge to the factual sufficiency of the
evidence. Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991); Kratz v. Exxon Corp., 890
S.W.2d 899, 901 (Tex. App.-El Paso, 1994, no writ). Further, rule 324(b) of the Texas
Rules of Civil Procedure clearly states that:

 A point in a motion for new trial is a prerequisite to the following complaints
on appeal:


 . . . .


 (2) A complaint of factual insufficiency of the evidence to support a jury
finding;


 . . . .


 (4) A complaint of inadequacy or excessiveness of the damages found by the
jury [.]


Tex. R. Civ. P. 324(b).

 Accordingly, we find appellants did not preserve the error complained of on appeal. 
Appellants have, therefore, waived their complaint. Tex. R. Civ. P. 324(b)(2); see Tex. R.
App. P. 33.1(a)(1)(A); Halim, 203 S.W.3d at 487. We overrule issue one. 

B. Jury finding of no damages

 By issue two, appellants complain that the jury finding that they sustained no
damages is against the great weight and preponderance of the evidence. As with issue
one, a great weight challenge to a jury finding is an issue of factual sufficiency. A motion
for new trial was required to preserve a complaint that the jury's finding of zero damages
is against the great weight and preponderance of the evidence. See Tex. R. Civ. P.
324(b)(4). Since no motion for new trial was filed, the complaint is waived.


 Even if the complaint were not waived, it would still be overruled on grounds of
immateriality. A finding of zero damages is immaterial in the absence of liability findings. 
Jones v. Lurie, 32 S.W.3d 737, 744 (Tex. App.-Houston [14th Dist.] 2000, no pet.). See,
e.g., S. Pine Limber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335 (1939); Winkle
v. Tullos, 917 S.W.2d 304, 318 (Tex. App.-Houston [14th Dist.] 1995, writ denied) ("A zero
damages award presents no reversible error when the jury finds on sufficient evidence that
the defendant was not negligent."); Ramsey v. Lucky Stores, Inc., 853 S.W.2d 623, 635
(Tex. App.-Houston [1st Dist.] 1993, writ denied) ("It has long been the law in Texas that
a finding of zero damages, even if contrary to the uncontroverted evidence, is rendered
immaterial, by a finding of no liability."). Because the jury found no liability on the part of
Transit Mix and Cruz, it was not error for them to award zero damages. For these reasons,
issue two is overruled.

C. Legal Sufficiency in Reply Brief

 In their reply brief, appellants, for the first time, raise a legal sufficiency challenge. 
The reply brief still does not differentiate legal sufficiency and factual sufficiency
arguments, neither addressing their different standards of review, methods of recovery, or
authority, nor appropriating separate references to the record of each standard of review.

 Our appellate rules dictate the required contents and organization of an appellant's
brief. Bankhead v. Maddox, 135 S.W.3d 162, 163 (Tex. App.-Tyler 2004, no pet.). The
appellant's brief must state concisely all issues or points presented for review. Tex. R. App.
P. 38.1(e). Further, rule 38.3 states that the "appellant may file a reply brief addressing any
matter in the appellee's brief." Tex. R. App. P. 38.3. However, an appellant may not use
a reply brief to raise new issues. Lopez v. Montemayor, 131 S.W.3d 54, 61 (Tex.
App.-San Antonio 2003, pet. denied); see Anderson Producing, Inc. v. Koch Oil Co., 929
S.W.2d 416, 424 (Tex. 1996) (declining to consider issue first raised in reply brief). 

 Because appellants failed to raise a legal sufficiency issue in their initial brief, we
hold that appellants have waived the legal sufficiency complaint for appellate review, and
overrule this issue. 

D. "Sudden Emergency" Jury Instruction

 Appellants' third issue concerns the propriety of the sudden emergency instruction
submitted to the jury. The decision to submit a particular instruction or definition is
reviewed under an abuse of discretion standard, with the trial court given considerable
discretion in submitting instructions to the jury. Shupe v. Lingafelter, 192 S.W.3d 577, 579
(Tex. 2006); DeLeon v. Pickens, 933 S.W.2d 286, 290-91 (Tex. App.-Corpus Christi 1996,
writ denied). If a doctrine is pleaded, and there is evidence to support its application, then
the court has a duty to properly instruct the jury to enable the jury to render a verdict.
DeLeon, 933 S.W.2d at 290; Nat'l Union Fire Ins. Co. of Pittsburgh v. Kwiatkowski, 915
S.W.2d 662, 665 (Tex. App.-Houston [14th Dist.] 1996, no writ); Charter Oak Fire Ins. Co.
v. Taylor, 658 S.W.2d 227, 229 (Tex. App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.). An
instruction is proper if it assists the jury, is supported by evidence heard at trial, and
accurately states the law. Tex. R. Civ. P. 277; Union Pac. R.R. v. Williams, 85 S.W.3d 162,
166 (Tex. 2002). 

 The trial court submitted the following sudden emergency instruction: 

 If a person is confronted by an "emergency" arising suddenly and
unexpectedly, which was not proximately caused by any negligence on his
part and which, to a reasonable person, requires immediate action without
time for deliberation, his conduct in such an emergency is not negligence or
failure to use ordinary care if, after such emergency arises, he acts as a
person of ordinary prudence would have acted under the same or similar
circumstances.


 The charge given uses the same language as the instruction for sudden emergency
provided in the pattern charge. See Comm. on Pattern Jury Charges, State Bar of Tex., 
Texas Pattern Jury Charges P.J.C. 3.3 (2006). The only purpose of the sudden
emergency defense doctrine is to relieve a party from the consequences of his conduct
that might otherwise be considered negligent. DeLeon, 933 S.W.2d at 293. 

 A sudden emergency is a condition arising suddenly and unexpectedly that has not
been proximately caused by the negligent act or omission of the operator and that calls for
immediate action without time for deliberation. Salazar v. Hill, 551 S.W.2d 518, 521 (Tex.
App.-Corpus Christi 1997, writ ref'd n.r.e.). The sudden emergency doctrine is not
available to a driver whose own negligence or wrongful conduct has created the
emergency under consideration. Higginbotham v. Richie, 367 S.W.2d 210, 212 (Tex. Civ.
App.-Fort Worth 1963, no writ). 

 For an instruction on sudden emergency to be proper, the evidence must
demonstrate the elements of a sudden emergency: (1) the emergency condition arose
suddenly and unexpectedly; (2) the condition was not proximately caused by the negligent
act or omission of the person whose conduct is under inquiry; and (3) after a condition
arose that to a reasonable person would have required immediate action without time for
deliberation, the person acted as a person of ordinary prudence would have acted under
the same or similar circumstances. Jordan v. Sava, Inc., 222 S.W.3d 840, 848 (Tex.
App.-Houston [1st Dist.] 2007, no pet.). Appellants complain that the sudden emergency
doctrine is inapplicable here because Transit Mix's negligent conduct preceded the
emergency and was a proximate cause of the emergency situation. To determine whether
a sudden emergency instruction was proper in this case, we must determine whether the
evidence raised a fact issue as to each of the elements of sudden emergency. Id.

 (1) Sudden and Unexpected Condition 

 Appellant argues that "generally speaking, where evidence discloses only negligent
acts of parties, rather than some act of nature as a factor, it is error for the emergency
instruction to be given." And, while a number of courts have submitted a sudden
emergency instruction when an act of nature was a factor in an automobile collision, an act
of nature is not a necessary prerequisite for a sudden emergency. Id.; La. Pac. Corp. v.
Knighten, 976 S.W.2d 674, 676 (Tex. 1998) (concluding that sudden emergency instruction
did not cause rendition of improper judgment when defendant struck plaintiff from behind
after plaintiff abruptly applied her brakes on wet street in rain); Crowley v. Babolcsay, 611
S.W.2d 492, 494 (Tex. Civ. App.-Austin 1981, writ ref'd n.r.e.) (explaining that sudden
emergency instruction was warranted when evidence showed defendant swerved into
wrong side of the road to pass car in front of him, leading to head-on collision with plaintiff
on top of "blind" hill on rainy afternoon). Actions by other vehicles can cause a sudden
emergency. See DeLeon, 933 S.W.2d at 294 (determining that "emergency" arose after
truck darted across four lanes from a private driveway causing actions resulting in
collision).


 The collision occurred on Queen Isabella Memorial Causeway. The bridge has two
lanes with no shoulder. The Lincoln stalled in the right lane and could not get out of the
way of traffic. There was conflicting testimony about exactly where on the causeway the
accident occurred. Department of Public Safety Trooper Salazar stated in his videotaped
deposition that the accident had occurred in the early morning and the time of notification
of the accident was 8:57 a.m. He testified that the road conditions and weather were "fine." 
Flores testified that "there was a lot of traffic" that prevented him from entering the left lane
and passing after the Lincoln had stalled in front of him. Cruz, the Transit Mix driver,
testified that going uphill on the causeway he was going 30-40 miles per hour carrying his
cement load. There is no evidence to show that the traffic on the far side of the overpass
was stop and go, or bumper-to-bumper. 

 Nevertheless, appellants argue that stoppages on the freeway are to be expected
by prudent drivers and cannot constitute a "sudden emergency." A sudden stoppage on
a freeway or any road is always a possibility regardless of the amount of congestion on the
road, time of day, or type of traffic for many different reasons, such as stalled vehicles,
traffic accidents, and traffic congestion. But, the issue here is not the possibility of the
occurrences, but rather the expectation of these occurrences. Jordan, 222 S.W.3d at 849
(concluding that an emergency instruction was not error when driver rear-ended stopped
or slow-moving vehicle on a blind side of an overpass).

 According to Cruz, the accident happened on the slope after the crest of the
highway. Trooper Salazar concurred. Cruz also testified that he was able to see the
stopped vehicles only after he reached the point where he could see going down. He
testified that he could not see their lights or the cars until the truck had reached a flat
surface. Cruz could not have known what the cars on the blindside of the overpass were
doing unless there was some indication by cars in front of him slowing down before he
himself drove over the overpass. 

 We conclude that there was evidence from which the jury could have concluded that
the emergency condition arose suddenly and unexpectedly. We further hold that it is a
question of fact for the jury to decide whether it is reasonable for a driver to expect that
traffic will be at a standstill from a stalled vehicle under the conditions present at the time
of the collision.

 (2) Pre-Collision Negligence and Proximate Cause 

 Appellants argue that Cruz failed to keep a proper lookout, or to maintain a proper
distance between him and the preceding vehicle. They argue that these failures were the
proximate cause of appellants' injuries, occurring prior to the sudden emergency. We
disagree.

 Here, the jury was instructed on negligence, proximate cause, and new and
independent cause as follows:

 "Negligence" means failure to use ordinary care, that is, failing to do that
which a person of ordinary prudence would have done under the same or
similar circumstances or doing that which a person of ordinary prudence
would not have done under the same or similar circumstances.

 

 "Ordinary care" means that degree of care that would be used by a person
of ordinary prudence under the same or similar circumstances.

 

 "Proximate cause" means that cause which, in a natural and continuous
sequence, produces an event, and without which cause such event would
not have occurred. In order to be a proximate cause, the act or omission
complained of must be such that a person using ordinary care would have
foreseen that the event, or some similar event, might reasonably result
therefrom. There may be more than one proximate cause of an event.


 The charge follows the Texas Pattern Jury Charges on negligence and proximate
cause. See Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury
Charges P.J.C. 2.1, 2.4, 3.2 (2003). Jury Question 1 asked whether appellees' negligence
proximately caused "the occurrence in question." The jury responded "No" regarding both
Transit Mix and Cruz.

 The mere occurrence of a rear-end accident is not of itself evidence of negligence. 
Risinger v. Shuemaker, 160 S.W.3d 84, 90 (Tex. App.-Tyler 2004, pet. denied). The issue
of whether a rear-end collision raises an issue of negligence or establishes it as a matter
of law depends on all the facts and circumstances of a particular case. DeLeon, 933
S.W.2d at 289. Whether the plaintiff succeeds in proving negligence and proximate cause
by a preponderance of the evidence is within the jury's province to determine. Pearson v.
DeBoer, 99 S.W.3d 273, 276 (Tex. App.-Corpus Christi 2003, no pet.). We must
determine, therefore, whether the jury's negative answer has support in the record. 

 In order to support the application of the sudden emergency doctrine, the evidence
must be such that the jury could find that the collision was not proximately caused by the
defendant's own pre-emergency negligence. Jordan, 222 S.W.3d at 847. In the instant
case, there was conflicting evidence regarding whether a proper distance and a proper
lookout were established. The inclusion of a sudden emergency instruction does not
constitute error when the evidence conflicts as to whether the defendant's actions prior to
the "emergency" arose were suspect. Id. at 851.

 There is conflicting evidence as to whether Cruz's actions prior to coming over the
overpass demonstrated a failure to use ordinary care under the circumstances. Appellants
presented evidence that suggested Cruz was improperly trained for the terrain. The road
conditions and the weather were not unusual and that the other drivers who came upon
the stalled vehicle were able to stop without incident. Further, the record shows that Cruz
was cited for a "failure to control speed."

 Other evidence suggests that Cruz was not following too closely or speeding. Cruz
testified that he was not driving carelessly or recklessly on the day of the accident. He
disagreed with the contention that he did not keep a proper lookout. Cruz testified that he
maintained a clear and reasonable distance between his truck and the minivan. He said
when he went over the hill and saw the stopped vehicles his distance from the other cars
was 45 feet or less. Cruz testified that he was driving between 30 to 40 miles per hour,
and there is no evidence in the record indicating that he was speeding.

 In the instant case, there is at least a fact issue as to whether Cruz was negligent
prior to the emergency. If there is any support in the evidence for a sudden emergency
instruction, the instruction is properly given. Francis v. Cogdell, 803 S.W.2d 868, 871 (Tex.
App.-Houston [1st Dist.] 1991, no writ). 

 We conclude that the instruction merely allowed the jury to consider all of the
circumstances in answering whether Transit Mix's negligence proximately caused the
occurrence in question. There was evidence of probative value to support submission of
the sudden emergency instruction to the jury. Therefore, the trial court did not err in
submitting the instruction. 

 (3) Harm Analysis 

 Even if the definition or instruction was improper, the reviewing court must then
determine whether the error was harmful. Quantum Chem. Corp. v. Toennies, 47 S.W.3d
473, 480 (Tex. 2001); Owens-Corning Fiberglas Corp. v Martin, 942 S.W.2d 712, 722 (Tex.
App.-Dallas 1997, no writ). 

 To determine whether the incorrect submission of an inferential rebuttal instruction
in a broad-form negligence question requires reversal, an appellate court examines the
entire record to determine whether the instruction "was reasonably calculated to and
probably did cause the rendition of an improper verdict." See Tex. R. App. P. 61.1(a); Bed,
Bath & Beyond, Inc. v. Urista, 211 S.W.3d 753, 757 (Tex. 2006) (quoting Reinhart v.
Young, 906 S.W.2d 471, 473 (Tex. 1995)). It should be noted that appellants make no
argument and cite no authority showing that the error was reasonably calculated to and
probably did cause rendition of an improper judgment. 

 First, there is no clear indication that the jury relied on this instruction. Torres v.
Tessier, 231 S.W.3d 60, 64 (Tex. App.-Houston [14th Dist.] 2007, no pet.); see Urista, 211
S.W.3d at 759 ("[W]hen considering the entire record in this case, which provides no clear
indication that the instruction probably caused the rendition of an improper verdict, we must
conclude that the trial court's submission of the instruction was harmless."). Second, to
prevail on a negligence claim, the plaintiff must establish that the defendant breached a
duty and the plaintiff sustained damages proximately caused by that breach. D. Houston,
Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002). Here, the jury was free to disbelieve this
evidence; moreover, the jury's credibility determination is implicit in its verdict, and we
presume that jurors decided all questions of credibility and conflicts in the evidence in favor
of the verdict if reasonable people could do so. Torres, 231 S.W.3d at 63-64; see City of 


Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005). 

 Considering all of the evidence under the applicable standard of review, we cannot
say that the inclusion of a sudden-emergency instruction probably caused an improper
verdict. We conclude that the jury's failure to find negligence could reasonably be based
on its failure to find causation, damages, or both. Therefore, the jury could have answered
the broad-form liability question in the negative without regard to the sudden emergency
instruction. We do not find that the trial judge abused its discretion in its submission of a
sudden emergency instruction, and even if the submission had been improper, the error
would still be harmless. We overrule appellants' third issue. 

 We affirm the judgment of the trial court below. 


 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this the 17th day of July, 2008.