

# NUMBER 13-07-351-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JULIAN ORDUNA GONZALEZ, ET AL.,** | **Appellants,** |
| **v.** | |
| **RODRIGO CRUZ, ET AL.,** | **Appellees.** |

### On appeal from the 357th District Court
### of Cameron County, Texas

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

Julian Orduna Gonzalez, Felipe Flores, and Porfiria Guerrero Toral ("appellants") appeal from a take nothing judgment entered in favor of Transit Mix Concrete and Materials Company and Rodrigo Cruz ("Transit Mix"). By two issues, appellants challenge

the factual sufficiency of the evidence to support the verdict and to support a finding of zero damages. And, by their third issue, appellants complain of judicial error in submitting a "sudden emergency" instruction to the jury. We affirm.

## I. BACKGROUND

A white Lincoln automobile stalled along the Queen Isabella Memorial Causeway, disrupting the flow of traffic. Appellants' vehicle stopped behind the stalled vehicle. Marissa Cruz, who was driving an Oldsmobile, stopped behind appellants' vehicle. Rodrigo Cruz, driving a concrete truck owned by Transit Mix, applied his brakes but struck the Oldsmobile which in turn struck appellants' vehicle. Appellants brought suit to recover damages for injuries resulting from the collision. The jury found neither Rodrigo Cruz nor Transit Mix negligent and awarded appellants zero damages.

## II. ANALYSIS

A. Jury finding of no negligence

By their first issue, appellants complain that the evidence is factually insufficient to support the jury's finding that Transit Mix was not negligent. A motion for new trial is a prerequisite to a civil complaint challenging the factual sufficiency of the evidence supporting a jury finding. TEX. R. CIV. P. 324(b)(2). To preserve error, the motion for new trial must state the factual sufficiency complaint with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. *See, e.g., Halim v. Ramchandani*, 203 S.W.3d 482, 487 (Tex. App.–Houston [14th Dist.] 2006, no pet.); TEX. R. APP. P. 33.1(a)(1)(A).

Appellants did not file a motion for a new trial but, rather, made the factual sufficiency assertion in a judgment notwithstanding the verdict ("JNOV") motion. However,

2

a JNOV motion does not suffice to preserve a challenge to the factual sufficiency of the evidence. *Cecil v. Smith*, 804 S.W.2d 509, 510-11 (Tex. 1991); *Kratz v. Exxon Corp.*, 890 S.W.2d 899, 901 (Tex. App.–El Paso, 1994, no writ). Further, rule 324(b) of the Texas Rules of Civil Procedure clearly states that:

> A point in a motion for new trial is a prerequisite to the following complaints on appeal:
>
> . . . .
>
> (2) A complaint of factual insufficiency of the evidence to support a jury finding;
>
> . . . .
>
> (4) A complaint of inadequacy or excessiveness of the damages found by the jury [.]

TEX. R. CIV. P. 324(b).

Accordingly, we find appellants did not preserve the error complained of on appeal. Appellants have, therefore, waived their complaint. TEX. R. CIV. P. 324(b)(2); *see* TEX. R. APP. P. 33.1(a)(1)(A); *Halim*, 203 S.W.3d at 487. We overrule issue one.

B. Jury finding of no damages

By issue two, appellants complain that the jury finding that they sustained no damages is against the great weight and preponderance of the evidence. As with issue one, a great weight challenge to a jury finding is an issue of factual sufficiency. A motion for new trial was required to preserve a complaint that the jury's finding of zero damages is against the great weight and preponderance of the evidence. *See* TEX. R. CIV. P. 324(b)(4). Since no motion for new trial was filed, the complaint is waived.

3

Even if the complaint were not waived, it would still be overruled on grounds of immateriality. A finding of zero damages is immaterial in the absence of liability findings. *Jones v. Lurie*, 32 S.W.3d 737, 744 (Tex. App.–Houston [14th Dist.] 2000, no pet.). *See, e.g., S. Pine Limber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334, 335 (1939); *Winkle v. Tullos,* 917 S.W.2d 304, 318 (Tex. App.–Houston [14th Dist.] 1995, writ denied) ("A zero damages award presents no reversible error when the jury finds on sufficient evidence that the defendant was not negligent."); *Ramsey v. Lucky Stores, Inc.,* 853 S.W.2d 623, 635 (Tex. App.–Houston [1st Dist.] 1993, writ denied) ("It has long been the law in Texas that a finding of zero damages, even if contrary to the uncontroverted evidence, is rendered immaterial, by a finding of no liability."). Because the jury found no liability on the part of Transit Mix and Cruz, it was not error for them to award zero damages. For these reasons, issue two is overruled.

## C. Legal Sufficiency in Reply Brief

In their reply brief, appellants, for the first time, raise a legal sufficiency challenge. The reply brief still does not differentiate legal sufficiency and factual sufficiency arguments, neither addressing their different standards of review, methods of recovery, or authority, nor appropriating separate references to the record of each standard of review.

Our appellate rules dictate the required contents and organization of an appellant's brief. *Bankhead v. Maddox,* 135 S.W.3d 162, 163 (Tex. App.–Tyler 2004, no pet.). The appellant's brief must state concisely all issues or points presented for review. TEX. R. APP. P. 38.1(e). Further, rule 38.3 states that the "appellant may file a reply brief addressing any matter in the appellee's brief." TEX. R. APP. P. 38.3. However, an appellant may not use

4

a reply brief to raise new issues. *Lopez v. Montemayor,* 131 S.W.3d 54, 61 (Tex. App.–San Antonio 2003, pet. denied); *see Anderson Producing, Inc. v. Koch Oil Co.,* 929 S.W.2d 416, 424 (Tex. 1996) (declining to consider issue first raised in reply brief).

Because appellants failed to raise a legal sufficiency issue in their initial brief, we hold that appellants have waived the legal sufficiency complaint for appellate review, and overrule this issue.

D. "Sudden Emergency" Jury Instruction

Appellants' third issue concerns the propriety of the sudden emergency instruction submitted to the jury. The decision to submit a particular instruction or definition is reviewed under an abuse of discretion standard, with the trial court given considerable discretion in submitting instructions to the jury. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006); *DeLeon v. Pickens*, 933 S.W.2d 286, 290-91 (Tex. App.–Corpus Christi 1996, writ denied). If a doctrine is pleaded, and there is evidence to support its application, then the court has a duty to properly instruct the jury to enable the jury to render a verdict. *DeLeon,* 933 S.W.2d at 290; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Kwiatkowski,* 915 S.W.2d 662, 665 (Tex. App.–Houston [14th Dist.] 1996, no writ); *Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227, 229 (Tex. App.–Houston [1st Dist.] 1983, writ ref'd n.r.e.). An instruction is proper if it assists the jury, is supported by evidence heard at trial, and accurately states the law. TEX. R. CIV. P. 277; *Union Pac. R.R. v. Williams*, 85 S.W.3d 162, 166 (Tex. 2002).

The trial court submitted the following sudden emergency instruction:

> If a person is confronted by an "emergency" arising suddenly and unexpectedly, which was not proximately caused by any negligence on his

part and which, to a reasonable person, requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or failure to use ordinary care if, after such emergency arises, he acts as a person of ordinary prudence would have acted under the same or similar circumstances.

The charge given uses the same language as the instruction for sudden emergency provided in the pattern charge. *See* COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES P.J.C. 3.3 (2006). The only purpose of the sudden emergency defense doctrine is to relieve a party from the consequences of his conduct that might otherwise be considered negligent. *DeLeon*, 933 S.W.2d at 293.

A sudden emergency is a condition arising suddenly and unexpectedly that has not been proximately caused by the negligent act or omission of the operator and that calls for immediate action without time for deliberation. *Salazar v. Hill*, 551 S.W.2d 518, 521 (Tex. App.–Corpus Christi 1997, writ ref'd n.r.e.). The sudden emergency doctrine is not available to a driver whose own negligence or wrongful conduct has created the emergency under consideration. *Higginbotham v. Richie, 367* S.W.2d 210, 212 (Tex. Civ. App.–Fort Worth 1963, no writ).

For an instruction on sudden emergency to be proper, the evidence must demonstrate the elements of a sudden emergency: (1) the emergency condition arose suddenly and unexpectedly; (2) the condition was not proximately caused by the negligent act or omission of the person whose conduct is under inquiry; and (3) after a condition arose that to a reasonable person would have required immediate action without time for deliberation, the person acted as a person of ordinary prudence would have acted under the same or similar circumstances. *Jordan v. Sava, Inc.*, 222 S.W.3d 840, 848 (Tex. App.–Houston [1st Dist.] 2007, no pet.). Appellants complain that the sudden emergency

6

doctrine is inapplicable here because Transit Mix's negligent conduct preceded the emergency and was a proximate cause of the emergency situation. To determine whether a sudden emergency instruction was proper in this case, we must determine whether the evidence raised a fact issue as to each of the elements of sudden emergency. *Id.*

(1) Sudden and Unexpected Condition

Appellant argues that "generally speaking, where evidence discloses only negligent acts of parties, rather than some act of nature as a factor, it is error for the emergency instruction to be given." And, while a number of courts have submitted a sudden emergency instruction when an act of nature was a factor in an automobile collision, an act of nature is not a necessary prerequisite for a sudden emergency. *Id*.; *La. Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998) (concluding that sudden emergency instruction did not cause rendition of improper judgment when defendant struck plaintiff from behind after plaintiff abruptly applied her brakes on wet street in rain); *Crowley v. Babolcsay*, 611 S.W.2d 492, 494 (Tex. Civ. App.–Austin 1981, writ ref'd n.r.e.) (explaining that sudden emergency instruction was warranted when evidence showed defendant swerved into wrong side of the road to pass car in front of him, leading to head-on collision with plaintiff on top of "blind" hill on rainy afternoon). Actions by other vehicles can cause a sudden emergency. *See DeLeon*, 933 S.W.2d at 294 (determining that "emergency" arose after truck darted across four lanes from a private driveway causing actions resulting in collision).


The collision occurred on Queen Isabella Memorial Causeway. The bridge has two lanes with no shoulder. The Lincoln stalled in the right lane and could not get out of the

7

way of traffic. There was conflicting testimony about exactly where on the causeway the accident occurred. Department of Public Safety Trooper Salazar stated in his videotaped deposition that the accident had occurred in the early morning and the time of notification of the accident was 8:57 a.m. He testified that the road conditions and weather were "fine." Flores testified that "there was a lot of traffic" that prevented him from entering the left lane and passing after the Lincoln had stalled in front of him. Cruz, the Transit Mix driver, testified that going uphill on the causeway he was going 30-40 miles per hour carrying his cement load. There is no evidence to show that the traffic on the far side of the overpass was stop and go, or bumper-to-bumper.

Nevertheless, appellants argue that stoppages on the freeway are to be expected by prudent drivers and cannot constitute a "sudden emergency." A sudden stoppage on a freeway or any road is always a possibility regardless of the amount of congestion on the road, time of day, or type of traffic for many different reasons, such as stalled vehicles, traffic accidents, and traffic congestion. But, the issue here is not the possibility of the occurrences, but rather the expectation of these occurrences. *Jordan,* 222 S.W.3d at 849 (concluding that an emergency instruction was not error when driver rear-ended stopped or slow-moving vehicle on a blind side of an overpass).

According to Cruz, the accident happened on the slope after the crest of the highway. Trooper Salazar concurred. Cruz also testified that he was able to see the stopped vehicles only after he reached the point where he could see going down. He testified that he could not see their lights or the cars until the truck had reached a flat surface. Cruz could not have known what the cars on the blindside of the overpass were doing unless there was some indication by cars in front of him slowing down before he

8

himself drove over the overpass.

We conclude that there was evidence from which the jury could have concluded that the emergency condition arose suddenly and unexpectedly. We further hold that it is a question of fact for the jury to decide whether it is reasonable for a driver to expect that traffic will be at a standstill from a stalled vehicle under the conditions present at the time of the collision.

(2) Pre-Collision Negligence and Proximate Cause

Appellants argue that Cruz failed to keep a proper lookout, or to maintain a proper distance between him and the preceding vehicle. They argue that these failures were the proximate cause of appellants' injuries, occurring prior to the sudden emergency. We disagree.

Here, the jury was instructed on negligence, proximate cause, and new and independent cause as follows:

> "Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
>
> "Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.
>
> "Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

The charge follows the Texas Pattern Jury Charges on negligence and proximate cause. *See* COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY

9

CHARGES P.J.C. 2.1, 2.4, 3.2 (2003). Jury Question 1 asked whether appellees' negligence proximately caused "the occurrence in question." The jury responded "No" regarding both Transit Mix and Cruz.

The mere occurrence of a rear-end accident is not of itself evidence of negligence. *Risinger v. Shuemaker*, 160 S.W.3d 84, 90 (Tex. App.–Tyler 2004, pet. denied). The issue of whether a rear-end collision raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of a particular case. *DeLeon,* 933 S.W.2d at 289. Whether the plaintiff succeeds in proving negligence and proximate cause by a preponderance of the evidence is within the jury's province to determine. *Pearson v. DeBoer,* 99 S.W.3d 273, 276 (Tex. App.–Corpus Christi 2003, no pet.). We must determine, therefore, whether the jury's negative answer has support in the record.

In order to support the application of the sudden emergency doctrine, the evidence must be such that the jury could find that the collision was not proximately caused by the defendant's own pre-emergency negligence. *Jordan*, 222 S.W.3d at 847. In the instant case, there was conflicting evidence regarding whether a proper distance and a proper lookout were established. The inclusion of a sudden emergency instruction does not constitute error when the evidence conflicts as to whether the defendant's actions prior to the "emergency" arose were suspect. *Id.* at 851.

There is conflicting evidence as to whether Cruz's actions prior to coming over the overpass demonstrated a failure to use ordinary care under the circumstances. Appellants presented evidence that suggested Cruz was improperly trained for the terrain. The road conditions and the weather were not unusual and that the other drivers who came upon

10

the stalled vehicle were able to stop without incident. Further, the record shows that Cruz was cited for a "failure to control speed."

Other evidence suggests that Cruz was not following too closely or speeding. Cruz testified that he was not driving carelessly or recklessly on the day of the accident. He disagreed with the contention that he did not keep a proper lookout. Cruz testified that he maintained a clear and reasonable distance between his truck and the minivan. He said when he went over the hill and saw the stopped vehicles his distance from the other cars was 45 feet or less. Cruz testified that he was driving between 30 to 40 miles per hour, and there is no evidence in the record indicating that he was speeding.

In the instant case, there is at least a fact issue as to whether Cruz was negligent prior to the emergency. If there is any support in the evidence for a sudden emergency instruction, the instruction is properly given. *Francis v. Cogdell*, 803 S.W.2d 868, 871 (Tex. App.–Houston [1st Dist.] 1991, no writ).

We conclude that the instruction merely allowed the jury to consider all of the circumstances in answering whether Transit Mix's negligence proximately caused the occurrence in question. There was evidence of probative value to support submission of the sudden emergency instruction to the jury. Therefore, the trial court did not err in submitting the instruction.

(3) Harm Analysis

Even if the definition or instruction was improper, the reviewing court must then determine whether the error was harmful. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001); *Owens-Corning Fiberglas Corp. v Martin*, 942 S.W.2d 712, 722 (Tex. App.–Dallas 1997, no writ).

11

To determine whether the incorrect submission of an inferential rebuttal instruction in a broad-form negligence question requires reversal, an appellate court examines the entire record to determine whether the instruction "was reasonably calculated to and probably did cause the rendition of an improper verdict." *See* TEX. R. APP. P. 61.1(a); *Bed, Bath & Beyond, Inc. v. Urista,* 211 S.W.3d 753, 757 (Tex. 2006) (quoting *Reinhart v. Young,* 906 S.W.2d 471, 473 (Tex. 1995)). It should be noted that appellants make no argument and cite no authority showing that the error was reasonably calculated to and probably did cause rendition of an improper judgment.

First, there is no clear indication that the jury relied on this instruction. *Torres v. Tessier*, 231 S.W.3d 60, 64 (Tex. App.–Houston [14th Dist.] 2007, no pet.); *see Urista,* 211 S.W.3d at 759 ("[W]hen considering the entire record in this case, which provides no clear indication that the instruction probably caused the rendition of an improper verdict, we must conclude that the trial court's submission of the instruction was harmless."). Second, to prevail on a negligence claim, the plaintiff must establish that the defendant breached a duty and the plaintiff sustained damages proximately caused by that breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Here, the jury was free to disbelieve this evidence; moreover, the jury's credibility determination is implicit in its verdict, and we presume that jurors decided all questions of credibility and conflicts in the evidence in favor of the verdict if reasonable people could do so. *Torres*, 231 S.W.3d at 63-64; *see City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex. 2005).

Considering all of the evidence under the applicable standard of review, we cannot

say that the inclusion of a sudden-emergency instruction probably caused an improper verdict. We conclude that the jury's failure to find negligence could reasonably be based on its failure to find causation, damages, or both. Therefore, the jury could have answered the broad-form liability question in the negative without regard to the sudden emergency instruction. We do not find that the trial judge abused its discretion in its submission of a sudden emergency instruction, and even if the submission had been improper, the error would still be harmless. We overrule appellants' third issue.

We affirm the judgment of the trial court below.


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this the 17th day of July, 2008.