COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-151-CV

 

 

GAIL SMITH                                                                        APPELLANT

 

                                                      V.

 

DR. ALAN HENSON, D.C.                                                         APPELLEE

 

                                                  ------------

 

              FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                                OPINION

 

                                                  ------------

Gail Smith appeals from a
jury verdict in favor of Dr. Alan Henson, D.C., on Smith=s negligence claim against him. 
She argues that the trial court erred by excluding evidence relating to
workers= compensation and by making an improper comment on the weight of the
evidence.  Because we hold that Smith has
not preserved error on her complaints, we affirm.








Smith brought a negligent
treatment claim against Henson based on his treatment of her work-related
carpal tunnel syndrome and hip problems. 
She claimed that when she saw Henson at an appointment to address her
hip problems, he performed a Ahigh-velocity cervical manipulation@ to which she had not consented and which caused her injury.

At trial, the parties
disputed whether Henson had regularly performed the same treatment on Smith
with her consent.  Smith claimed that he
had not, and Henson claimed that he had but had not noted the treatment on her
charts because doing so might cause the workers= compensation carrier to cease covering treatment for her work-related
injuries.  The parties also offered
different explanations for why Smith had not reported any injury from Henson=s treatment to doctors she saw after Henson performed the cervical
manipulation.  Smith claimed that she did
not do so because she saw the other doctors for her work-related injuries, and
she was under the impression that the pain from the cervical manipulation was
not covered by workers=
compensation.  Henson suggested that her
failure to report the injury to other doctors was because she had not been
injured by his treatment.

During closing arguments, Smith made the following argument to the
jury:              [Y]ou
heard Dr. Heitkamp testify from the stand they paid her medical bills.  They paid for the surgery.

 








Why would workers= comp
do that?  If the only two compensable
injuries are a hip and carpal tunnel, why in the world would workers= comp
pay for that medical?

 

If you will notice in the charge, we are not
requesting any payment for medical. 
Why?  Because workers= comp
paid her medical.

 

But it also lets you know something else.  They found in the natural continuance of
events that that on‑the‑job injury of June 10th or June 1stC

 

Dr. Henson=s attorney objected and argued that A[i]t=s not in
evidence whatsoever that workers= comp found any connection here.@  The trial court then
instructed the jury,

Well,
the jury is going to disregard all testimony about workers=
comp, including the testimony given by the last witness about his experiences
with compensation.  That was far outside
his expertise, and disregard the argument.

 

Smith did not object to this instruction by the
trial court.

In her first issue, Smith
contends that the trial court=s instruction improperly excluded material evidence.  Henson counters that because Smith did not
object at trial, she has not preserved her complaint for appeal.  Smith argues that no objection was necessary
because the trial court was excluding previously admitted testimony, the
substance of which was known to the court.








The trial court=s instruction came during closing arguments after the jury had been
charged.  A trial court may give
additional instructions to the jury after the charge has been read.[1]  Any error with respect to additional jury
instructions may be waived.[2]  Here, Smith did not object to the
instructions by the trial court to disregard all evidence relating to worker=s compensation.  Accordingly, if
the trial court erred by instructing the jury as it did, Smith waived the error
by not objecting.[3]  We overrule Smith=s first issue.








In her second issue, Smith
argues that the trial court=s instruction constituted an improper comment on the evidence.  To preserve error on a trial court=s improper comment, a party must object at the time of the comment
unless the comment is of a character that cannot be rendered harmless by proper
instruction.[4]  Thus, if the trial court=s instruction to the jury was an improper comment on the evidence,
Smith was required to object at the time the comment was made to preserve the
error unless the error could not be cured by instruction.

Smith argues that the trial
court=s instruction was Aa powerful indictment of [Smith=s] case and arguments.@  She claims that there was no
way to cure the effect of this instruction. 
We disagree.  The trial court
could have made any error harmless by clarifying its instruction to allow the
jury to consider the evidence that Smith claims should not have been
excluded.  Smith therefore had to object
to preserve error on this ground, and she did not do so.  Accordingly, we overrule her second issue.

Having overruled both of
Smith=s issues, we affirm the trial court=s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT, HOLMAN, and WALKER, JJ.

    WALKER, J. filed a dissenting opinion.

DELIVERED: 
October 2, 2008

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                        COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-151-CV

 

 

GAIL SMITH                                                                        APPELLANT

 

                                                      V.

 

DR. ALAN HENSON, D.C.                                                         APPELLEE

 

                                                  ------------

 

              FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                     DISSENTING
OPINION

 

                                                  ------------

 








I respectfully dissent.  The majority holds that trial counsel failed
to preserve error during closing argument when the trial court ruled, in
response to an objection by Dr. Henson=s attorney, that the jury should disregard any workers= compensation testimony given by any witness.  In her two issues on appeal, Smith correctly
characterizes the trial court=s action as a ruling. 
The majority, however, mischaracterizes the trial court=s ruling as an improper comment and relies on case law
dealing with improper comments and conduct by trial courts; these comment and
conduct cases are inapplicable to the ruling challenged here.  The majority fails to cite any case law
whatsoever holding that an objection to a trial court=s ruling, which is adverse to the party appealing, is required
to preserve error.  In fact, the rules of
appellate procedure expressly disavow the necessity of objecting or excepting
to a trial court ruling in order to preserve error.  See Tex. R. App. P. 33.1(c) (providing
that no formal exception to a trial court ruling is required to preserve a
complaint for appeal).  Once the trial
court has made a ruling on the record, no authority exists for the proposition
that trial counsel must object to or note his exception to the trial court=s ruling, i.e., essentially argue with the trial court about an
already-made ruling, to preserve error. 
I would address the merits of Smith=s complaints concerning the trial court=s ruling.  Because the majority
does not, I respectfully dissent. 

 

SUE WALKER

JUSTICE

 

DELIVERED:  October 2, 2008











[1]See Tex.
R. Civ. P. 286; Goode v. Ramey, 48 S.W.2d 719, 722 (Tex. Civ. App.CEl
Paso 1932, writ ref=d).





[2]See
Pate v. Texline Feed Mills, Inc., 689 S.W.2d 238, 245 (Tex.
App.CAmarillo
1985, writ ref=d
n.r.e.) (holding that by not objecting, the appellants had waived any error in
the trial court=s
correction of typographical errors in the charge); see also Texaco, Inc. v.
Pennzoil Co., 729 S.W.2d 768, 833B34 (Tex. App.CHouston
[1st Dist.] 1987, writ ref=d n.r.e.), cert. dism=d, 485
U.S. 994 (1988) (holding that the failure to object to a trial court=s
instruction constitutes waiver).





[3]See Tex.
R. App. P. 33.1.





[4]State
v. Wilemon, 393 S.W.2d 816, 818 (Tex. 1965); Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).